CITY OF JEFFERSON, Plaintiff in Error, v. E. L. EDWARDS, Defendant in Error.

Kansas City Court of Appeals, December 2, 1889.

Cities and Towns: ACTION FOR TAXES, HOW BROUGHT: STATUTE CONSTRUED. Section 4386, Revised Statutes, 1879, while it preserves all the property rights of a city passing from under a special charter and adopting the general law for the government of cities of the third class, does not continue the remedy for the collection of delinquent taxes, so that such city can thereafter institute proceedings for the collection of such taxes, theretofore accruing to it, in its own name.

*Error to the Cole Circuit Court.*— HON. ANDREW ELLISON, Judge.

AFFIRMED.

*F. E. Luckett*, and *A. M. Hough*, for plaintiff in error.

The court erred in sustaining defendant's objection to the introduction of testimony on the part of plaintiff, upon the grounds that the city was not the proper party to sue. Laws, 1872, p. 396, sec. 14; *City of Jefferson v. Whipple*, 71 Mo. 519; *City of Jefferson v. McCarty*, 74 Mo. 55; *City of Jefferson v. Mock*, 74 Mo. 61; *State ex rel. v. McDonald*, 38 Mo. 529; *State v. Clark*, 54 Mo. 17; *State v. DeBar*, 58 Mo. 395; *State v. Green*, 87 Mo. 585; *State ex rel. v. Robyn*, 93 Mo. 399.

*Pope & Skeen* and *Edwards & Davison*, for the defendant in error.

(1) The action of the court in sustaining defendant's objection to the introduction of any evidence was correct. The petition stated no cause of action against defendant. The city of Jefferson, as will appear by one of the allegations in the petition, is a city of the third class, organized under the general laws of the state, and hence contains more than five thousand inhabitants. (See Revised Statutes, section 4382.) Such being the case this suit, if maintainable at all, could only be maintained in the name of the state to the use of the city collector. *State ex rel. v. Hamilton*, 94 Mo. 544; R. S., secs. 6833, 6834, 6835, 6836 and 6837, and 6845. Also *State ex rel. v. Robyn*, 93 Mo. 395, which expressly recognizes the same doctrine. In the case now under consideration the suit, if properly brought by the city collector, must fail for the reason patent upon the face of the petition, and true as a matter of fact, that the city collector failed to return the taxes delinquent as required by law, and a failure of the city to have or keep any back-tax book or delinquent list as required by sections 6845 and 6848, Revised Statutes. *State ex*

*rel. v. Robyn*, 93 Mo. 395; *State ex rel. v. Hamilton*, 94 650, and cases there cited by the court. (2) No judgment except one *in rem* can be rendered for taxes on real estate. *Allen v. McCabe*, 93 Mo. 144; *Brockschmidt v. Cavender*, 3 Mo. App. 568; *State ex rel. v. Kerr*, 8 Mo. App. 125; 75 Mo. 442; *State ex rel. v. Bridge Co.*, 73 Mo. 442; Burrows on Taxation, 257. Such being the case a justice of the peace has no jurisdiction. *State ex rel. v. Hopkins*, 87 Mo. 519, especially 528. In each of the suits before the court the plaintiff seeks to enforce the taxes in gross against a number of tracts of ground not contiguous to or used in connection with each other. (3) The collector can only collect taxes in the manner provided by statute. The power to collect is purely a statutory power. *McPike v. Pen*, 57 Mo. 63; Cooley on Taxation, 435, and cases cited, 441, and cases cited, 668, 454. The several questions raised in these cases are treated in *extenso* in Burrows, Cooley and Hilliard on Taxation, and, by each, numerous authorities are cited, to all of which reference is made. The justice of the peace was wholly without jurisdiction and the circuit court acquires none by appeal. *State ex rel. v. Hopkins*, 87 Mo. 519–528; R. S. 1879, sec. 2837.

GILL, J.—This suit was brought in the year 1888 for delinquent taxes of the year 1886. It originated before a justice of the peace, was appealed to the circuit court; and there the question was raised, on objection by defendant to the introduction of any evidence on the complaint, as to whether the plaintiff was authorized by law to bring the action. The circuit court held with the defendant and sustained the objection, whereupon plaintiff took a non-suit with leave to move to set the same aside. In due season such a motion was made, was overruled, and the case brought here by appeal.

The petition alleges plaintiff's incorporation by special act of the legislature, approved, March 27, 1872,

by which the said city of Jefferson was empowered to levy and collect taxes and to sue for the same; that there was assessed against the property of defendant in the year 1886 certain taxes which he had not paid, and it was further alleged that thereafter, on January 3, 1887, the plaintiff abandoned its special charter, and became a city of the third class under the laws of this state.

It seems then the taxes here sued for were assessed and levied for the year 1886, during the time plaintiff was governed by its special charter, but that when this action was commenced the special charter had been abandoned, and plaintiff was a municipal corporation under the general law for the organization and government of cities of the third class. It seems conceded too that if the prosecution of this action is to be in accordance with the provisions of the old charter of 1872, then it was proper to institute the same in the name of the city of Jefferson. But if to be controlled by the provisions of the general law for the government of cities of the third class, then plaintiff corporation was *not* the proper party to sue. See laws for the government of cities of third class (as amended) Acts of 1887, sec. 76, etc., p. 79, and sections 6833 to 6837, inclusive, Revised Statutes, 1879. While making this concession, however, plaintiff's counsel insist that the right of plaintiff to sue in its own name has been preserved by section 4386, Revised Statutes, 1879. Said section is as follows :

"Sec. 4386. All rights and property of every kind and description, which were vested in any city under its former organization, shall be deemed and held to be vested in such city on its becoming reorganized as provided in the preceding section; but no rights or liabilities, either in favor or against the city, existing at the time of becoming so organized, and no suit or prosecution of any kind, shall be affected by such change, but the same shall stand and progress as if no change had been made.

We do not concur with the able counsel in this contention. While the legislature intended by this section to preserve to the new corporation all property rights and liabilities, and preserved the right to continue the prosecution or defense of all suits then pending, it was not the purpose to retain the mere form or remedy, as it previously existed, for the enforcement of such rights in the future. The change in the law, as provided in the general law for the government of third class cities, only went to the *remedy* thereafter to be adopted. No property right of the City of Jefferson was disturbed. It was only the manner of the *enforcement* of its right to collect its taxes that was changed. We hold then that this action was improperly brought in the plaintiff's corporate name. It so appeared on the face of the petition, and the objection to the introduction of any evidence thereon was properly sustained. The judgment of the circuit court is therefore affirmed. ELLISON, J., concurs; SMITH, P. J., did not sit in the case.