JAMES M. BARKER *ex rel.* and to the use of the VILLAGE OF JERICO SPRINGS AND JAMES M. BAKER, Respondents, v. S. M. PHELPS, Appellant.

Kansas City Court of Appeals, February 17, 1890.

1. **Municipal Corporations:** PENALTY FOR VILLAGE CHAIRMAN'S FAILURE TO PUBLISH STATEMENT: SUFFICIENCY OF PETITION AND EVIDENCE: NAME OF CORPORATION: TAXPAYER. In an action against the chairman of the village trustees to recover the penalty provided in section 5022, Revised Statutes, 1879, the petition must allege, and the evidence must show, that the plaintiff is a taxpayer of the village, and that the village is incorporated by some name permitted by law, and when the allegation is that it is incorporated by the name of the "Village of Jerico Springs," it is insufficient, the law allowing no such name.

2. **Pleading:** PENALTY ACCRUING BEFORE, ACTION BROUGHT AFTER, AMENDMENT OF STATUTE. Where delinquencies authorizing the collection of a penalty occur before an amendment of the statute prescribing the penalty, but the action is not brought until after such amendment, the pleading must show that the plaintiff possesses all the qualifications imposed by the amendment.

*Appeal from the Cedar Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED.

*James Masters* with *O. D. Hubbell*, for the appellant.

The petition in this case does not state facts sufficient to constitute a cause of action. (1) In this there can be no such incorporation as the "Village of Jerico Springs" under the laws of this state. R. S. 1879, sec. 5004, art. 6; *State ex rel. v. Matson*, 38 Mo. 489. (2) The petition was filed September 6, 1887, and nowhere avers that the plaintiff, James M. Baker, was a taxpayer of the "Village of Jerico Springs," and this was a substantial allegation under the statute at the time of the commencement of this suit. Session Acts, 1887, p. 93. (3) The court erred in admitting the plaintiffs to introduce any evidence over the objections of defendant, on account of the insufficiency of the petition as presented in the foregoing points. *White v. Chany*, 20 Mo. App. 390; *McConey v. Wallace*, 22 Mo. App. par. 4, p. 385; Bliss on Code Pleading [1 Ed.] sec. 247, p. 294 (latter part of section), and authorities cited *supra*.

No brief for respondent.

GILL, J.—This action is one brought by the plaintiffs to recover the penalty provided in section 5022, Revised Statutes, 1879 (amended by act approved March 18, 1887—Acts, 1887, p. 93). Defendant is charged, as the chairman of the board of trustees of the Village of

Jerico Springs, with failing to make out and publish the financial statement of the village, on September 1, 1886, and March 1, 1887, as required by section 5021, Revised Statutes, 1879. On trial before the circuit court, without the aid of a jury, a judgment was rendered against the defendant, from which an appeal was taken to this court.

There is no case stated against this defendant in the petition filed, nor any case made by the evidence offered at the trial. The petition alleges that the village is a corporation, incorporated under the laws of Missouri in the name and style of " *The Village of Jerico Springs*," whereas no municipal corporation *can*, or does, exist in the state with any such name. If Jerico Springs has been incorporated under the law, it must be under the name and style " *The Inhabitants of the Village of Jerico Springs*," and under no other name. R. S. 1879, sec. 5004.

Again, when this suit was instituted only a "*taxpayer*" of said town was authorized to move in the matter. See section 5022, Revised Statutes, 1879, as amended by act, March 18, 1887. Laws, 1887, p. 93. The petition does not allege—nor is there any evidence, even, tending to show— that J. M. Barker is, or was at that time, such taxpayer. It matters not that at the dates of defendant's alleged delinquencies (September, 1886, and March, 1887) "*any person*" was authorized by the old section before amendment to institute such a proceeding for the use of the village corporation. It is sufficient to say that the action was not brought until after the amendment of 1887, when by the terms thereof only *taxpayers* could put the law in motion.

The remedy as marked out by the law as it existed when the suit was instituted was the proper and only remedy in this action. *City of Jefferson v. Edwards*, 37 Mo. App. 617.

The judgment of the circuit court is reversed. All concur.