J. P. GALLAHER, Appellant, v. J. FRANCIS SMITH, Respondent.

Kansas City Court of Appeals, November 20, 1893.

1. **Municipal Corporations**: ORDINANCE REFERRING TO ANOTHER ORDINANCE. A special ordinance directing the construction of a sidewalk ordered it to be constructed in the manner and of the material named in a certain section of a general ordinance, relating to sidewalks. *Held,* such section of the general ordinance was thereby made a part of the special ordinance.

2. ———: DELEGATION OF LEGISLATIVE AUTHORITY: PINE OR OAK SIDE-WALK. An ordinance provided that a sidewalk might, at the option of the contractor, be constructed of pine, white or burr oak of certain demensions. *Held*, the ordinance was not void, and did not constitute a delegation of legislative authority, distinguishing *Galbreath v. Newton*, 30 Mo. App. 380, and *Ruggles v. Collier*, 43 Mo. 353.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

REVERSED AND REMANDED *(with directions)*.

*Kelley & Kelley* for appellant.

(1) The certified tax bill in any action thereon shall be *prima facie* evidence of the validity of the bill, of the doing of the work, and of the furnishing of the materials charged for, and of the liability of the property to be charged, stated in the bill. 1 Revised Statutes, 1889, sec. 1407; *Keith v. Bingham*, 100 Mo. 300; *Hernan v. Payne*, 27 Mo. App. 481; *Adkins v. Railroad Co.*, 36 Mo. App. 652; *Ess v. Bonton*, 64 Mo. 105; *Stifel v. Dougherty*, 6 Mo. App. 441; *Wand v. Green*, 7 Mo. App. 82; *Seibert v. Allen*, 61 Mo. 482. (2) The court erred in overruling plaintiff's motion for a new trial. There was no defense whatever to plaintiff's action on the special tax bills. The ordinances, contract, advertisement, etc., given in evidence by the defendant, not only do not impair the plaintiff's *prima facie* case made by the tax bill, but they strengthen it by showing a full compliance with all the requirements of the statute and ordinances. A substantial compliance is all that is required. There must have been a fair compliance with all the conditions precedent, whether prescribed by ordinance or statute, but slight variance will not defeat a tax bill. *Cole v. Skrainka*, 105 Mo. 308; *Shehan v. Owen*, 82 Mo. 458; 100 Mo. 22; *City of St. Joseph v. Anthony*, 30 Mo. App.

538; *Clapton v. Taylor*, 49 Mo. App. 117. (3) The ordinances under which the work was done and the tax bills sued on were issued, are in due form, and valid to authorize the tax bills. Apportioning the cost of local improvement among lot owners in proportion to the frontage is a legitimate method of procedure. *Rutherford v. Hamilton*, 97 Mo. 543. It is competent to authorize the city engineer by ordinance to cause sidewalk to be repaired from time to time as may be deemed necessary. *The City of Kansas v. Huling*, 87 Mo. 203; *Carlin v. Cavender*, 56 Mo. 286. (4) The court erred in admitting evidence as to materials to be used by and under contract and ordinances, and which was objected to as being incompetent to vary or affect the contract or affect the tax bills.

*Luke H. Moss* and *Carolus & Brewster* for respondent.

Special ordinance 1402, under which plaintiff did the work sued for, simply orders the work to be done, and refers to general ordinance 356 for the manner of doing it, as well as the material to be used. General ordinance 356 is simply a classification ordinance defining three different classes of sidewalks. Section 2, of general ordinance 356, to which reference is made in special ordinance 1402, says, among other things, that a second-class walk should be built (either) of plank sawn from sound pine, white or burr oak timber, with stringers, etc., of either of these materials; that certain spaces should be filled with (either) cinders, broken stone, gravel, bluff (dirt) or other material. The law says: (Revised Statutes, 1889, sec. 1404). "The common council shall have power to cause sidewalks to be constructed at such time and to such extent, and of such dimensions and with such materials, etc., as

shall be provided by ordinance.'' If this is open to construction it means that the council shall specify the material to be used in each instance, and that this this choice of material shall not be left to the fancy of the engineer or contractor. In the wisdom of the common council, a sidewalk made of pine, with cinders, broken stone, etc., for filling, might be durable and safe for the public travel on one street, while on another white oak would be necessary; and on still another, burr oak. *Galbreath v. Newton*, 30 Mo. App. 380; *City of St. Joseph ex rel. v. Wilshire*, 47 Mo. App. 125; *Ruggles et al. v. Collier et al.*, 43 Mo. 353; *City of St. Louis to use v. Clemens*, 43 Mo. 395.

GILL, J.—Plaintiff, as contractor with the city of St. Joseph, constructed a second-class sidewalk on Sixteenth street in said city, and in front of five lots owned by defendant Smith. In payment the contractor received five special tax bills; and it was to enforce the same against defendant's lots this action was brought. The trial court held the ordinance providing for the work, to be invalid, for the alleged reason that it is not therein provided of what materials the walk should be built, etc. From a judgment in defendant's favor, plaintiff appealed.

The special ordinance providing for the work ordered a second-class sidewalk to be constructed in the manner and of the material named in section 2 of general ordinance number 356. Said section 2 defines second-class sidewalks, and provides with much detail how they shall be built, demanding, among other things, that they shall be constructed of ''plank four feet long, not less than six inches wide and two inches thick, sawn from sound pine, white or burr oak timber; shall be laid across and upon two sleepers of sound pine, white or burr oak scantling four inches in size and not

less than twelve feet in length, etc.; and the space included between the stringers, sleepers or scantling and the property and roadway lines respectively shall be filled with cinders, broken stone, gravel, bluff, or other material approved by the city engineer," etc. No question is made as to the character of the work done by the plaintiff—the walk was laid to the satisfaction of the city's engineer, and tax bills were issued therefor. The contractor used pine lumber both for the stringers and the covering and filled in with "*bluff*" (which seems to mean clay or dirt taken from the hills.)

The city of St. Joseph is a city of the second class, and its city council derives its authority for doing such work from section 1404, Revised Statutes 1889, and that portion which is necessary to be here quoted reads: "The common council shall have power to cause to be constructed, reconstructed or otherwise improved and repaired all * * * sidewalks * * * within the city, at such time and to such extent, and of such dimensions, and *with such materials* and in such manner, and under such regulations as shall be provided by ordinance," etc.

From the foregoing statement it will be seen that the ordinance directing the construction of the sidewalk in question is only complete by reference to the section of another general ordinance. Section 2 of such general ordinance becomes then as a part of the special ordinance. The case then stands as if the special ordinance ordering this particular work had directed the sidewalk in question to be constructed of "plank four feet long, not less than six inches wide and two inches thick, sawn from sound pine, white or burr oak lumber, and shall be laid upon and across two sleepers of sound pine, white or burr oak scantling four inches in size," etc.

The ordinance and contract (which used the same words in detailing the material to be used) clearly left it to the option of the contractor to use either pine or oak lumber in building the sidewalk. Was the ordinance for that reason void? In support of the judgment below, it is insisted that the ordinance fails to designate the *materials* from which the walk was to be constructed, but left the decision of that matter with the contractor, thereby delegating the legislative powers of the common council to another. If counsel are correct in this assertion, then clearly the ordinance is void; for it is a well settled principle of law that such legislative powers given to the municipal authorities by the legislature cannot be delegated to another. But we cannot give our assent to the contention that there was such a delegation of legislative judgment as will avoid the ordinance. The council has not failed to designate the material. The ordinance, with much minuteness of detail, has prescribed the length, breadth and thickness of the lumber, how laid and how ballasted, and then has in effect said to the contractor, "we are indifferent whether you use pine or oak—either will answer." The council has exercised its judgment and declared in effect that there can be no choice between the two; and this is all that can be asked. The legislature entrusted the selection of the material to the wisdom and judgment of the council—to do in the matter as they thought best. It may be that, in the opinion of the council, pine and oak lumber were equally good for the purpose, and that by allowing the walks to be constructed of one or the other material a larger competition in bidding would be opened up, and the work therefore done at lower price. Legislative power implies judgment and discretion, it is true, upon the part of those who exercise it, and a special confidence and trust upon the part of those who

confer it.   But it seems to us that here the council has,. according to its judgment, exercised that discretion,. and has in a manner best suited to its judgment, specified what materials may be used in the construction of the sidewalks to be built within its jurisdiction.   While,. then, we yield to the abstract principles of law for which defendant's counsel contend, we yet fail to see wherein they defeat the ordinance in question.   This is quite a. different case from that of *Galbreath v. Newton*, 30 Mo. App. 380.   The difficulty there was not in the failure of the ordinance to name the material, but that the contract entered into by the city engineer went beyond the requirements of the ordinance, and permitted the substitution of one material for that named in the ordinance.   We there held that the engineer had no such authority, and that he must conform his contract to the ordinance.   Neither is this a parallel case to that of *Ruggles v. Collier*, 43 Mo. 353, and others of like kind cited by counsel.   In *Ruggles v. Collier* an ordinance of the city of St. Louis purported to leave it to the discretion of the mayor alone to improve streets within a. certain limit, when and where, and of such materials as he should think proper.   This was held to violate the city charter, as by the ordinance the city council had attempted to delegate to the mayor a discretion which the legislature had conferred on it *and* the mayor.

Cases may arise where from the face of the ordinance it may appear that the council has abandoned the exercise of its judgment and discretion, and reposed the performance of its duties on another.   When an instance of that kind is presented it will be, doubtless, our province to condemn it and declare the ordinance void. But we do not regard this as a case of that kind.   We think the council, in the matter in hand, did exercise its judgment and discretion, and did not delegate it to another.   We thus remark in answer to the printed

argument of defendant's counsel wherein extreme cases are put—far beyond the facts appearing on this record.

The judgment was for the wrong party. It will, therefore, be reversed and remanded to the trial court with directions to enter judgment in plaintiff's favor for the amount of the tax bills, interest and costs. All concur.