CITY OF RICH HILL to use, etc., Appellant, v. PAULINE K. DONNAN, Respondent.

**Kansas City Court of Appeals, January 8, 1900.**

1. **Tax Bills:** CITY OF FOURTH CLASS: SIDEWALK: ENGINEER'S ESTIMATE. An engineer of a city of the fourth class can not delegate to a private citizen his duty and authority to make an estimate for a proposed sidewalk, and an estimate by such citizen with his permission will not authorize the contracting and building of said walk and the issuing of tax bills therefor.

2. **City of Fourth Class:** SIDEWALK: DESIGNATED MATERIAL. An ordinance directing the building of a sidewalk in a city of the fourth class should designate of what material the particular walk should be constructed, and a provision that it may be of wood, stone or brick is insufficient and the ordinance is void. Gallagher v. Smith, 56 Mo. App. 116, distinguished.

Appeal from the Bates Circuit Court.—*Hon. J. H. Lay,* Judge.

AFFIRMED.

*Templeton & Hales* and *M. T. January* for appellant.

(1)  Failure to file plans and specifications by the city engineer does not invalidate the tax bill.  Sheehan v. Owen, 82 Mo. 458; Marionville to use v. Henson, 65 Mo. App. 397; (2)  Ordinance number 284 contained the plans and specifications.  This was sufficient.  Sheehan v. Owen, 82 Mo. 458. (3)  The tax bill made a *prima facie* case.  Session Acts 1895, p. 85, sec. 92.  (4)  Ordinance number 284 is not invalid by reason of providing that sidewalks could be constructed of either of three kinds of material.  Gallaher v. Smith, 55 Mo. App. 116; Connersville v. Merrell, 42 N. E. Rep. 1112.

*Thos. J. Smith* for respondent.

(1)  Ordinance number 284 under which the work sued for was done, is void.  Session Acts 1895, sec. 95, p. 87; Coggeshall v. Des Moines, 41 N. W. Rep. 617; 2 Dillon Municipal Corporations [3 Ed.], sec. 811, p. 806; Hydes v. Joyes, 4 Bush. 464-468.  (2)  The street commissioner and "acting engineer," as he admits, never made and filed any estimate of the cost of the sidewalks proposed.  This was an indispensible condition precedent to a valid contract with relator binding upon defendant's property.  Elliott on Roads and Streets, p. 429; Independence v. Briggs, 58 Mo. App. 241; Kiley v. Oppenheimer, 55 Mo. 374; Westport v. Mastin, 62 Mo. App. 647; Rose v. Trestrail, 62 Mo. App. 352; State v. Warner, 66 Mo. App. 152; State v. Wellott, 54 Mo. App. 310; Session Acts 1895, sec. 91, p. 85.

ELLISON, J.—This is a suit on a special tax bill issued to a contractor for the construction of a sidewalk in Rich Hill, a city of the fourth class and organized under the provisions of Article 5, chapter 30, Revised Statutes 1889, as

amended by Laws of 1895, page 66. The judgment below was for defendant.

There are many objections urged here against the validity of the bill. We deem it only necessary to notice two. It is provided by section 91 of the amendatory act, that before the board of aldermen shall make a contract for building bridges, sidewalks, culverts or sewers, or for paving, etc. an estimate of the cost shall be made by the city engineer, or other proper officer, and submitted to the board of aldermen, and that no contract should be entered into exceeding such estimate. Such estimate is a prerequisite to the authority to contract for building sidewalks, and if not made the contract and tax bill issued thereunder are void. Independence v. Briggs, 58 Mo. App. 241.

In this case an estimate was made in the name of the proper officer of Rich Hill, but it was not made by him. He delegated that duty to one or two other persons (a Mr. Tedford and Mr. Bird), by telling them that he "didn't have much time" and that if while he "was away anything comes up that needed me for them to go ahead for me in my place." In answer to a question whether he made an estimate he answered: "Mr. Tedford did for me because I was working and probably away at that time, but if anything came up he was to attend to it, and if my name was put to it Mr. Tedford or Mr. Bird did it." This was a wholly unwarranted proceeding. Instead of an estimate being made by the officer designated by law, we have one gotten up, for aught appearing to the contrary, by one of two private persons.

This is sufficient to dispose of the case. But in view of the record showing that other walks were provided for in this ordinance it may as well be further remarked that the ordinance itself is void for the reason that it does not designate of what material the walk shall be composed. The provision intended to cover this necessary part of the legislative function, is "that there shall be wooden, stone or brick sidewalks

constructed." It then provides how they shall be constructed if of either of these materials. That portion as to "wooden" walks is: "All sidewalks laid of wood shall be two-inch lumber, hardwood or pine and number one quality." It has been frequently decided that the material of which a street should be paved, or a sidewalk constructed, is a matter to be determined by the municipal legislature. This should be done with sufficient definiteness to disclose of what material the particular walk provided for in the ordinance should be constructed. A city council ordering a sidewalk constructed of wood, stone or brick fails to exercise the authority reposed in it of designating what kind of material shall be used. Coggshall v. Des Moines, 78 Iowa, 235. This should not only be done for the reason that it is a legislative duty imposed on the council which they can not delegate to others, but it is necessary to the proper working of other mandatory provisions of the law. How can publication be had, bids be made or contracts let, having for their base an ordinance so indefinite and uncertain as the one under consideration? Much confusion will frequently ensue and certainly, effective competition would be neutralized or altogether lost.

Plaintiff's case is not supported by that of Gallaher v. Smith, 55 Mo. App. 116. In that case the city council ordered a wooden sidewalk to be constructed of pine, white or burr oak lumber. That is to say, the council was of the opinion that a wooden walk was necessary and ordered it to be constructed of either white or burr oak or pine; either of these materials would, in the judgment of the council, make a walk equally good. But in the present case different kinds of walks, composed of wholly different material, are named with no direction as to which of the widely different kind will be contracted for. There is an entire absence of legislative choice. In the Gallaher case, Gill, J., said: "Cases may arise where from the face of the ordinance it may appear that the council had abandoned the exercise of its judgment and

discretion and reposed the performance of its duties on another. When an instance of that kind is presented it will be, doubtless, our province to condemn it and declare the ordinance void."

From the foregoing views it results that the judgment should be affirmed. All concur.