CITY OF BEVIER, Appellant, v. EDWARD WAT-
SON, Respondent.

Kansas City Court of Appeals, May 8, 1905.

1. **MUNICIPAL CORPORATIONS: Fourth Class Cities: Sidewalk
Taxbills: Parties.** Where for the failure of bidders a fourth
class city has to build a sidewalk the officer charged with such
construction should make an itemized bill to the board of alder-
men, and the board should audit the same and issue a taxbill in
the name of the officer against the abutting property, and such
officer should bring an action for his use in the name of the
city.

2. **———: ———: ———: ———: Holder.** Where the city itself
constructs a sidewalk the word holder in sections 3986, Revised
Statutes 1899, means the officer or committee in charge of the
construction.

3. **———: ———: ———: ———: Waiver.** Where an action is
brought in the name of the city to collect a taxbill for construct-
ing a sidewalk and the defendant fails to raise the question of
proper party by answer or demurrer, he waives the informality
in the bringing of the action, since the city is in fact the bene-
ficiary party.

4. **———: ———: Construction of Sidewalk: Estimate: Officer.**
An estimate required before letting the contract to construct a
sidewalk may be made by a street commissioner by ordinance,
and when so designated he becomes a proper officer within the
meaning of the statute.

Appeal from    Macon    Circuit    Court.—*Hon. Nat. M.
Shelton,* Judge.

REVERSED AND REMANDED.

*T. E. Francis* and *A. E. Park* for appellant.

(1)    The city of Bevier being the real party in in-
terest, the action was properly brought in its corporate
name. "All suits shall be prosecuted in the name of the
real party in interest." R. S. 1899, sec. 540; R. S. 1899,

sec. 5894; State v. Duncan, 3 Lea (Tenn.) 679; Memphis v. Looney, 9 Baxt. (Tenn.) 130; Palmyra v. Morton, 25 Mo. 593. (2) There is no statute providing that an action on a special tax-bill issued by a city to itself for the cost of constructing a sidewalk shall be brought in the name of the city at the relation and to the use of the city collector; and it would, therefore, have been improper and a misjoinder of parties to have made the city collector plaintiff in this case. State v. Duncan, supra, Memphis v. Looney, supra; Palmyra v. Morton, supra. (3) But if there were a statute providing that such an action as the one at bar shall be prosecuted in the name of the city to the use of its collector, it would be permissible, nevertheless, for plaintiff to maintain this action in its own name alone, for the reason that such a remedy would be cumulative. Worth v. Wright, 122 N. C. 335. (4) In sec. 5986, R. S. 1899, which provides "that special tax bills for local improvements shall be collectible in any action brought in the name of the city to the use of the holder thereof," the word "holder" means the legal owner of the tax bill—the person who is entitled to its proceeds. This section, therefore, applies only to cases where a contractor, or some person other than the city itself, is the owner and holder of the taxbill. It certainly cannot be construed to mean that, in an action by a city on a taxbill issued to itself, the suit shall be brought in the name of the city to the use of the city collector. Swan v. Whaley (Iowa), 35 N. W. 440. (5) Defendant could not raise the question of defect of parties, or of the legal capacity of plaintiff to sue, by an objection to the introduction of any evidence at the trial; such objection not having been raised by demurrer or answer was waived. R. S. 1899, secs. 598, 602; Beal v. Munger, 46 Mo. 48; Buckley v. Iron Co., 77 Mo. 105; State to use v. Sappington, 68 Mo. 457; Gregory v. McCormick, 120 Mo. 663; May v. Burk, 80 Mo. 678;

Sensenderfer v. Kemp, 83 Mo. 589; State ex rel
v. Land Co., 97 Mo. App. 230; Loan & Trust Co. v.
Brown, 59 Mo. App. 461; Livery Co. v. Joyce, 41 Mo.
App. l. c., 568; Clark v. Lopp, 80 Mo. App. 553; Clark v.
Hughes, 73 Mo. App. 634; Eastin v. Joyce, 85 Mo. App.
437; Haase v. Distilling Co., 64 Mo. App. 131.

*Dysart & Mitchell* for respondent.

(1) The trial court did not err in holding that the
plaintiff's petition did not state a cause of action, and in
excluding testimony offered in support thereof. This
suit is brought in the name of the city of Bevier, and not
in the name of the State at the relation and to the use of
the city collector, as provided by the statute. City of
Jefferson v. Edwards, 37 Mo. App. 617; Barker ex rel. v.
Phelps, 39 Mo. App. 288, 290; Poor v. Watson, 92 Mo.
App. 89, 97; State ex rel. v. Hamilton, 94 Mo. 544, 549.
(2) Our system of revenue and taxation is a creature
of legislation. The assessment, the method of collection
and the manner of bringing suits for delinquent taxes,
are all prescribed and regulated by the provisions of the
acts of the Legislature. And when the Legislature has
provided and designated the manner of bringing suits
for delinquent taxes, and in whose name the suit shall
be brought, then such provisions are exclusive of all
other remedies. R. S. 1879, sec. 6837, now R. S. 1899,
sec. 9303; R. S. 1899, sec. 9293; R. S. 1899, art. 5,
ch. 91; secs. 5942, 5985; 5986, 5989, 5992. (3)
These sections of the statute as to the proper party
plaintiff have been construed by this court in
the case of Jefferson City v. Edwards, supra. (4)
The point made by the plaintiff in its brief, that the
question of defect of parties should have been raised by
demurrer, and that it was waived by pleading over, is
not tenable. Where the action is purely statutory, and
the statute provides how and in what name the action
should be brought, then a suit in any other manner or

in a different name is fatally defective. This is so held in Poor v. Watson, supra, and also in city of Jefferson v. Edwards, supra; State ex rel. v. Hamilton, supra. (5) The defendant's charter, sec. 5985, required that the estimate of the cost of the sidewalk in question, should be made by the city engineer or other proper officer. The petition alleges that such estimate was made by the street commissioner, and also that the street commissioner built and constructed the said sidewalk. The defendant's charter nowhere provides that such estimate shall be made by the defendant's street commissioner, nor is there any allegation in plaintiff's petition showing or alleging that such street commissioner was the proper officer to make such estimates. Rich Hill v. Donnan, 82 Mo. App. 386.

ELLISON, J.—This is an action on a special tax-bill issued on account of laying a sidewalk in Bevier, a city of the fourth class. When the trial of the case was opened defendant objected to any evidence on the ground that the suit was not properly brought. The trial court sustained the objection and plaintiff took a nonsuit with leave. A motion to set aside the nonsuit being overruled, plaintiff has brought the case here.

When an attempt was made to let a contract, no one bid for the work and, in consequence, the city itself built the walk, as is provided it may. [R. S. 1899, sec. 5992.] Taxbills were then issued to the city of Bevier and this suit was brought in the name of the city as plaintiff. The objection made by the defendant is that the suit should have been brought in the name of the city to the use of the city collector. The section of the statute just referred to, does not expressly say to whom the taxbill shall be issued when the work is done by the city. But it does provide that such bill "shall be collected in the same way" as other taxbills. The provision for the collection of other taxbills is found in section 5986, whereby it appears that suits for

taxbills shall be "brought in the name of the city to the use of the holder thereof." To properly understand the question we will set out section 5992. It reads as follows:

"Whenever the city shall advertise for bids for the construction of any new sidewalk of any kind, or for the construction of new sidewalks in the place of sidewalks condemned, and shall receive no bids therefor, the city may proceed to construct or reconstruct any such sidewalks at its own expense, and shall keep an accurate account of the amount expended for labor and material, including grading and filling opposite each lot or piece of ground, and present the same to the board of aldermen for assessment, and each lot or piece of ground abutting on the sidewalks constructed or reconstructed shall be liable for the costs thereof, as reported to the board of aldermen by the officer or committe having charge of the matter, and special taxbills shall be issued for the amount thereof, and such taxbills shall be as valid in all respects whatever as the other special taxbills provided for in this article, and shall be collected in the same way."

It is apparent that the city designates a committee or some city officer to take charge and superintendence of the construction of the walk. That such committee or officer should keep an accurate account of the amount of money expended and report it to the board of aldermen for assessment against abutting property. Our view is that the city would then issue the taxbills against the several pieces of property to the officer or committee (as the case may be) thus in charge of the work, naming the officer or committee and their official capacity. And that suit should be brought in the name of the city to the use of the holder, viz: the officer, or the committee.

The case of Palmyra v. Morton, 25 Mo. 593, wherein it is held a suit for building sidewalks might be main-

tained in the name of the city, is based on the provisions
of a special charter found in session Acts of 1845, page
151, wherein it is provided by section 10 thereof, that if
the property owner does not build his sidewalk, the
"trustees shall pave the same and receive the full ex-
pense thereof from such owner." There is no likeness
between that statute and the one governing this case.
There is no provision in that, as in this, for issuing tax-
bills and for bringing suit on such bills in the name of
the city to the use of the holder. The case cited has no
application here.

That our construction of the statute is correct we
think is evidenced by the provision in section 5863, re-
lating to cities of the third class, which is similar to the
section here considered, except that it especially pro-
vides that the taxbill shall be issued in the name of the
city and that suit may be brought in the name of the
city for its own use. The right given to cities of the
third class and withheld in cities of the fourth class
must mean that a difference was intended. It is not for
us to say that there should not be a difference. A stat-
ute is an arbitrary enactment and carries with it its own
reason; or, as sometimes expressed, the statute itself
stands for a reason.

We do not regard some of the sections of the statute
referred to by defendant as applicable. It is true that
section 5942 provides that, "all suits for the collection
of city taxes shall be brought in the name of the State,
at the relation and to the use of the city collector." And
that section 5992 provides that taxbills "shall be col-
lected in the same way." But the latter section has no
reference to the former. The latter section means that
such taxbills as are provided for therein shall be col-
lected as other taxbills, while section 5942 has reference
to ordinary taxes—a wholly distinct and separate mat-
ter. The expression in section 5992, "and shall be col-
lected in the same way," refers to section 5986, wherein

it is provided who shall bring suit on special taxbills. It reads: "All special taxbills issued for special assessments . . . shall be assignable and collectible in any action brought in the name of the city to the use of the holder thereof." And "the holder," in instances where the city itself constructs the walk, should be the officer or committee in charge of the construction.

But notwithstanding the foregoing views, we are of the opinion that defendant waived the point by not bringing it to the attention of the court before the opening of the trial by demurrer or answer. Sections 598 and 602, Revised Statutes 1899. Defendant relies on the case of Poor v. Watson, 92 Mo. App. 89-101, as supporting his mode of objection, but we think it does not. In that case, not only was no cause of action stated as existing in the plaintiff, but it was a cause of action in which the plaintiff could have no concern; and, under the facts, it was bound to be disclosed that the case was one in which she had no more interest than any other stranger. In the case at bar, the objection, though based on the statute, is technical. The city of Bevier is, in point of fact, the party in interest—is the party entitled to the money sought to be collected; and but for the direction of the statute as to the manner of bringing suit in instances like this, would have been the proper plaintiff. We do not regard the case of City of Jefferson v. Edwards, 37 Mo. App. 617, and other cases cited, as applicable.

Defendant makes the further suggestion in support of the judgment below, that no proper estimate of the cost of the walk was made prior to the building thereof, as is provided by section 5985. An estimate of the cost was made by the street commissioner, he being directed to do so by ordinance. But defendant insists that he is not the proper officer and was not alleged to be by the petition. The statute directs that, "before the board of aldermen shall make any contract for

building . . . sidewalks, an estimate of the cost thereof shall be made by the city engineer or other proper officer," etc. And we have held that it is a necessary prerequisite to a valid contract that such estimate should be made. [Independence v. Briggs, 58 Mo. App. 241.] And that the proper officer could not delegate his authority to some unauthorized person. [Rich Hill v. Donnan, 82 Mo. App. 386.] It will be noticed that the statute is that, before a "contract" shall be made, an estimate must be had of the cost. Passing by any question whether the spirit of the statute does not apply to this case, although there was no contract entered into, we believe the statute was complied with. The street commissioner, though not the city engineer, was a "proper officer" as contemplated by the statute above quoted. And we think that his designation by the ordinance pleaded was sufficient to show that the city fixed upon him as the proper officer, and thus fulfilled the statute.

The judgment should be reversed and the cause remanded. All concur.