CITY OF FAYETTE ex rel., Respondents, v. MARY RICH, Appellant.

Kansas City Court of Appeals, November 5, 1906.

1. CITIES OF THE FOURTH CLASS: Petition for Sidewalk: Material. A petition to the board of aldermen in a fourth-class city for the construction of a sidewalk in front of certain property is reviewed and while irregular is held sufficient as it describes the property intended so it could be identified and the material and dimensions of the walk were left wholly within the discretion of the board of aldermen.

2. ———: Engineer: Sidewalk Improvement: Estimate. A city of the fourth class may appoint a city engineer but he would not necessarily have to estimate the cost of a sidewalk since it could be done by some other proper officer.

3. ———: Specifications: Mayor: Committee. An estimate made by a committee of the mayor and two aldermen may be treated as the act of any one of them or the separate act of each of them, and the performance by one of the three was sufficient and its performance by all does not render it invalid.

4. ———: Advertising for Bids: Contract: Committee. The board of aldermen can advertise for bids for street improvement through a committee, but the acceptance of the bids and the contract for the work must be made by the council.

5. ———: Failure of Bidders: Committee to do the Work. Where there is a failure of bidders for the performance of street improvement the work can be done by the council through a committee, and such action is the act of the city.

6. ———: Correcting Taxbill: New Assessment. A city of the fourth class can correct a special assessment by making a new levy and for street improvement a special taxbill should be issued in the name of the officer or committee having charge of the work.

Appeal from Howard Circuit Court.—*Hon. Alex. H. Waller*, Judge.

122 App—10

AFFIRMED.

*W. F. Johnson* for appellant.

(1) Section 5989 provides that the city shall have power to make public improvements in two ways: First, by publication of resolutions; second, by petition of ten citizens. The publication of the resolution is jurisdictional and must locate the improvement, state the extent of the same and the general nature of the material to be used. Trenton v. Collier, 68 Mo. App. 490; Springfield v. Weaver, 137 Mo. 669; Kirksville v. Coleman, 103 Mo. App. 218; Wheeler v. Poplar Bluff, 149 Mo. 36. (2) The petition is jurisdictional. The petition in the present case is for a walk anywhere on lot 95, of any length and width and of any material. (3) The ordinance providing for a walk in front of and abutting on lot 95 was null and void for the reason that the petition asked for a walk on lot 95. A petition gives the city jurisdiction, if jurisdiction is acquired, to do only that which is prayed for. The records of the city must show jurisdiction. Zimmerman v. Snowden, 88 Mo. 218; Whitely v. Platte Co., 73 Mo. 30; Railroad v. Young, 96 Mo. 39. (4) The above ordinance did not prescribe (nor does the record show any such ordinance) the width, the general character, nor the material of which the walk was to be constructed. The ordinance referred to plans and specifications on file, but these were not made by the "city engineer or other officer." R. S. 1899, sec. 5989; St. Joseph v. Wilshire, 47 Mo. App. 130; Barton v. Kansas City, 40 Mo. App. 40; Rich Hill v. Donnan, 82 Mo. App. 386. (5) The contract shall be let upon plans and specifications filed by the "city engineer or other officer designated by the board of aldermen." R. S. 1899, sec. 5989. (6) "The city engineer or other proper officer" must file an estimate of the cost as a condition precedent to the building of the sidewalk. A failure to do so renders the whole proceedings

void. R. S. 1899, sec. 5985; DeSoto v. Showman, 100 Mo. App. 323; Wheeler v. Poplar Bluff, 149 Mo. 36; Hill v. Springly, 159 Mo. 48; Weesner v. Bank, 106 Mo. App. 668. (7) The advertisement provided that the improvement committee would let the contract. The ordinance authorizing the work also authorized the improvement committee to let the contract. The statute provides that the board of aldermen shall have power to make the contract. R. S. 1899, sec. 5989.

*R. M. Bagby* and *A. W. Walker* for respondent.

(1) The petition signed by eleven citizens presented to the board on October 20, 1904, praying that the sidewalk on lot 95 be condemned and a new walk laid thereon was sufficient. The location of the old walk was the best possible information the petitioners could have given as to the location of the new walk desired. The petitioners evidently considered lot 95 as extending to the center of the street, which it does subject to the easement. Walker v. Sedalia, 74 Mo. App. 75; R. S. 1899, sec. 5989. (2) The appellant contends that the improvement committee had no authority to make the plans and specifications under the statutory term "other officer designated by the board of aldermen." Upon the subject of statutory construction section 4158, Revised Statutes 1899, provides that when a person is described by words importing the singular number several persons shall be deemed to be included. The committee consisted of the mayor and two aldermen. Section 5898, R. S. 1899, makes the mayor and aldermen elective officers of the city. The committee was therefore entirely competent to act and it was clearly designated by the records of the board. (3) Even if the advertisement was necessary the one published contained every requisite. (4) The advertisement and the report of the committee thereon were expressly ratified by ordinance and are sufficient for that reason also. Hitchcock v. Galveston, 96 U. S.

348; Water Co. v. Aurora, 129 Mo. 540. Such notices are sufficient when published by officers or committees wholly without authority, if the proper authority is afterward given. Smith v. Westport, 105 Mo. App. 224; Springfield to use v. Weaver, 137 Mo. 650. (5) The amendment or taking up and reissuance of the special taxbill was duly made by authority of ordinance, and the same clerk that issued the original bill issued the one in suit. The first assessment was informal in that it did not name the committee charged with its collection. R. S. 1899, sec. 5902; Bevier v. Watson, 113 Mo. App. 506. The reassessment was certainly lawful. R. S. 1899, sec. 5950.

BROADDUS, P. J.—This is a suit upon a taxbill for street improvement. The plaintiff is a city of the fourth class and the defendant is the owner of lot number 95 in said city. The work consisted in renewing the sidewalk in front of said lot, the former having been condemned by the city council. The proceedings leading up to the work of construction were as follows: The petition for the condemnation of the old sidewalk and the laying of the new locate both as being on lot number 95. It is admitted that the petition was signed by the required number of the citizens of the city. A committee appointed by the council made the following report:

"We, the Improvement Committee, recommend the construction of a granitoid sidewalk as follows:

PLANS AND SPECIFICATIONS.

"Granitoid walk to be 41 1-6 feet long by 11 feet wide to be finished to the gutter; said walk is to be a uniform slant from the walk in front of lot No. 94 to that being constructed in front of lot No. 90, and practically the same slope as said walk toward the gutter.

Excavate ground one foot below the top of the pavement at each end of the walk and fill in with five

inches of cinders and tamped as put in. Then put in four inches of crushed rock, sand and cement, composed of five parts of rock and one part of sand and one part of Portland Cement, to be well tamped. Then to be finished on top with one inch of granitoid composed of 1 1-2 parts of crushed white limestone and one part of Portland Cement.

### ESTIMATE OF COST.

"All material for walk at twelve cents per square foot. All labor for putting down walk at eight cents per square foot. Filed the 20th day of October, 1904.

"R. L. CREWS,

"W. C. BELL,

"S. SMITH."

"L. C. TOALSON, City Clerk."

On the 20th day of October also, an ordinance was passed by the council approving of "the plans and specifications and estimate of cost of a granitoid sidewalk on first main cross street in front of lot No. 95," and instructing the "improvement committee to advertise for bids for said walk and to let the contract for the construction of the same to the lowest and best bidder according to law," and instructing "the committee in case they receive no bids for said walk, to have the same constructed at the expense of the city, keep an accurate account of the costs thereof and present the same to the board for assessment." The improvement committee reported to the council that they "had advertised for bids for said sidewalk on first main cross street, in front of lot No. 95, and had received no bids therefor" and submitted the proof of publication for bids. On the 18th day of November, 1904, the council passed an ordinance approving the report of said committee and authorizing it, "to proceed and construct said sidewalk at the expense of the city, in accordance with the plans and specifications and within the estimate of cost, keeping an ac-

curate account thereof, and present the same to the board for assessment."

On February 25, 1905, the committee made report to the council that "they had constructed a granitoid sidewalk on first main cross street in front of lot No. 95, as instructed by ordinance, at the expense of the city according to plans and specifications and within the estimate of cost; that the said lot which abuts on said sidewalk is 41 and 1-6 feet front on said main cross street, and the total cost of constructing said walk is $65."

The council by ordinance approved the report of said committee on the construction of said sidewalk and instructed the city clerk to issue a special taxbill for the work in favor of the city.  Afterward the latter ordinance was amended so as to authorize the levying of a special assessment in favor of the members of said improvement committee naming them, to-wit: R. L. Crews, J. B. Denneny, and B. J. Burkhartt.  It was admitted on the trial that they were successors of R. L. Crews, W. C. Bell and Solon Smith, the members of the committee at the times mentioned in the evidence.  An ordinance was also introduced in evidence, which provided that at the first regular meeting of the board in April of each year, the mayor shall appoint two aldermen, who together with the mayor shall constitute the improvement committee.  It was shown that R. L. Crews was mayor at the times mentioned and that the members of the said committee were duly appointed.  It was shown that two taxbills had been issued, the first of which was delivered to the committee and was in the name of the city; the second was the one attached to the petition.  The taxbill was also introduced in evidence and also evidence of demand of and refusal of defendant to pay the same.  The defendant on the case thus made interposed a demurrer which was overruled by the court and judgment rendered for the relators for the amount of the taxbill.

The first objection of the defendant is, that the petition of the citizens for the sidewalk in question was fatally defective because of its failure to locate it in any particular place. The petition is that a sidewalk on lot 95 be condemned and a new one laid on said lot. The petition is somewhat defective, but we are of the opinion that it is sufficiently specific and it appears that the board of aldermen of the city had no trouble in understanding what the petitioners wanted. It sufficiently appears that there was a defective sidewalk on said lot and that the petitioners wanted a new one in its stead. While it would have been better to have stated that the walk was located in front of said lot, it evidently was not intended to construct the walk outside of the limits of the street upon said lot. The officers of the city with description contained in the petition would find no difficulty in finding the *locus in quo*. The old walk would show for itself and that would be a sufficient identification. And as the lot, we presume, extended to the middle of the street, the sidewalk was on lot 95. Such is the prevailing presumption in this State. Another objection to the petition is, that it does not state the kind of walk prayed for, the material with which it is to be constructed, nor the length or width of the same. It does not so state and section 5889 of the Revised Statutes 1899, governing cities of the fourth class, does not require the petition to state such matters. It seems to be left to the discretion of the board of aldermen.

As the plans, specifications and estimate were not made and filed by the city engineer, it is contended that the proceedings were void. The act in question does not provide for the office of city engineer, but it is fair to assume that under section 5907 the mayor may appoint one, and section 5985 contemplates that cities of the fourth class may have a city engineer. It does not appear whether the city of Fayette had such an officer.

If the city had an engineer, the statute did not in terms impose the duty on him of making an estimate of the cost of the sidewalk. Section 5895 provides that such estimates may be made by the city engineer or other proper officer. It is left to the council to say what officer shall make estimates of the cost of city improvements. Whoever that body selects, he, being an officer of the city, will be presumed to be qualified for the duty.

It is insisted that the plans, specifications and estimate made by the mayor and the two aldermen were not a compliance with the statute. It is not contended that if this duty had been performed by either one of the aldermen, or the mayor, it would not have been lawful. We think this objection is purely technical. That the duty was performed by the mayor or an alderman was all the statute required. It may be treated as the act of one; or it may be treated as the separate act of each of three. The performance of the duty by any one of the three was sufficient. And its performance by all of the committee would not render it invalid.

The ordinance authorizing the improvement committee to advertise for bids and let the contract is attacked as being without authority of law and a delegation of the powers of the council. It was the duty of the council, it is true, to advertise for bids and to let the contract. But we consider that the action of the council in directing the committee to advertise for bids was not a delegation of its powers to the committee. The act was not in any sense legislative. It had the right to direct its clerk or any of its executive officers to perform that duty. It was something that the council could not do as a body. All it could do was to direct that the advertisement should be made and to indicate the agent it considered best suited for the purpose. But the power to make a contract for the improvement so as to bind the city and the contractor is a power lodged in the council alone. It is true the city could authorize

its committee to award the contract to the highest and best bidder, but any agreement entered into would have no binding force until approved by the council. But, as there were no bidders, no contract was made by the committee and there could have been none. What action the council would have taken had there been bidders is a matter of conjecture and is immaterial.

The committee having reported there were no bidders for the work, the council directed by ordinance that the committee do the work at the expense of the city. Section 5992 of the act provides that in case there are no bidders for the construction of sidewalks, "the city may proceed to construct . . . any such sidewalks at its own expense, etc." The committee after constructing the walk in accordance with the plans and specifications and within the estimate reported its action to the council. The council by ordinance approved of the action of the committee, accepted the walk and ordered the assessment. We are of the opinion that the doing of the work by the committee in obedience to the ordinance directing it to be done was the act of the council and such was the act of the city. The council as a body could not go out and construct the walk, some one had to do so under its direction.

The ordinance directing the taxbill to be made out in favor of the city was corrected by a subsequent ordinance amending the same which authorized the levy of the special assessment in favor of the relators, the members of the improvement committee, at that time. Under section 5950, idem, the council had the power to correct its former assessment and to make a new levy and assessment. This court in construing sections 5992 and 5986 held, that in cases where the city does the work the taxbill should be made out in the name of the officer or committee in charge of the matter. [Bevier v. Watson, 113 Mo. App. 506.]

Finding no error in the trial, the cause is affirmed. All concur.