Manning v. Cable.

H. W. MANNING, *Appellee*, V. A. L. CABLE, *as County Treasurer, etc., Appellant.*

No. 16,773.

INJUNCTION—*Taxation—Irregularities.* Where a city clerk unlawfully added a penalty to a special tax in certifying to the county clerk the amount of tax to be extended on the tax roll, the collection of the tax could not be enjoined without first tendering the amount lawfully due.

Appeal from Greenwood district court. Opinion filed January 7, 1911. Reversed.

*Gordon Badger,* and *Howard J. Hodgson,* for the appellant.

*Robert H. Clogston,* and *D. B. Fuller,* for the appellee.

*Per Curiam:* The city of Eureka caused a sidewalk to be constructed abutting upon the property of the appellee. A special tax was levied against the property and placed upon the county tax roll. The county treasurer was proceeding to collect this tax when the appellee commenced this action in the district court of Greenwood county and obtained a temporary injunction restraining the collection of such tax. Afterward the temporary order was made perpetual. The county treasurer appeals to this court.

It appears from the record that the city had full power and authority to construct the sidewalk in question. There is only one irregularity pointed out in the action of the city. When the city clerk informed the county clerk of the amount of tax to be extended upon the tax roll for this sidewalk, $18.60 was added thereto as a penalty. This was without authority and void as to such amount. This excess tax might have been avoided if the amount justly due had been first paid.

Very little evidence was given, and in our view the

demurrer to it should have been sustained. Nothing has been shown which can be said to be more than a mere slight irregularity, and this court has long held that an injunction will not be allowed to restrain the collection of a sidewalk tax unless it is void. (*Parker v. Challiss*, 9 Kan. 155; *City of Lawrence v. Killam*, 11 Kan. 499.)

The judgment of the district court is reversed and the injunction vacated at the cost of the appellee.