J. C. FERGUSON, *Appellee*, v. A. L. CABLE, *as County Treasurer, etc., Appellant.*

No. 16,995.

SYLLABUS BY THE COURT.

1. CITY OFFICERS — *Delegation of Discretionary Power — Construction of a Sidewalk.* It is not an improper delegation of municipal power for the mayor and council of a city to commit the construction of a sidewalk to the street commissioner, when the work has been ordered and the details of its execution have been prescribed by ordinance.

2. ———— *Kind of Material to be Used in Constructing Sidewalk.* The judgment and discretion of the mayor and council respecting the kind of material to be used in the construction of a sidewalk are sufficiently exercised by the designation of several kinds, any one of which may be used.

3. ———— *Levying Special Assessment.* When a sidewalk has. been duly constructed by the street commissioner, under a proper ordinance which required him to do so and which provides that he shall report the cost to the city clerk, who shall

Ferguson v. Cable.

certify the amount to the county clerk to be extended on the tax rolls against the lots adjacent to the walk, the ordinance constitutes the legislative act levying the special assessment; and the report of the cost and its certification to the county clerk are ministerial matters.

Appeal from Greenwood district court. Opinion filed April 8, 1911. Reversed.

*Howard J. Hodgson,* for the appellant.
*D. B. Fuller,* for the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff secured an injunction restraining the collection of a special assessment levied to defray the cost of building a sidewalk in front of his lots in the city of Eureka. The defendant appeals. The principal question is whether municipal power was wrongfully delegated to the street commissioner who caused the walk to be built. That the city had power to build the walk is not disputed.

Ordinance No. 337 required the plaintiff to construct a sidewalk in front of his lots out of stone, brick or cement, not less than four feet in width. A general ordinance of the city relating to the building of sidewalks specifies the necessary length and thickness of stone when that material is used, the character of base when brick or artificial stone is used, and other details to be observed. Ordinance No. 337 further stated that if the plaintiff should neglect or refuse to build the walk within fifteen days from the passage of the ordinance the street commissioner was ordered and directed to have the walk constructed according to the ordinances of the city and report the cost to the city clerk, to be by him certified to the county clerk for extension on the tax rolls. A general ordinance of the city, authorizing the street commissioner to build or cause to be built sidewalks which property owners fail

37—84 KAN.

to construct, provides for an estimate by the city engineer. In other respects the general provisions of this ordinance were superseded in respect to the particular walk in question by the special provisions of ordinance No. 337. The plaintiff neglected to build his walk. The city engineer made an estimate of the cost and gave the street commissioner the grade of the street. The street commissioner let a contract for the construction of a concrete walk at a cost within the estimate, the walk was built, the cost was duly reported, a city warrant was issued to pay it and the amount was certified by the city clerk to the county clerk, who extended it upon the tax rolls.

It is the law that the mayor and council may not delegate to others the judgment and discretion which is committed to them to be exercised for the public welfare. They may, however, delegate the execution of ministerial details. The judgment and discretion which can not be surrendered were exercised through the ordinances recited. The production of a sidewalk according to the specifications of those ordinances was a ministerial act, which could be delegated to the street commissioner.

In the case of *Barfield, &c., v. Gleason, &c.,* 111 Ky. 491, paragraph 8 of the headnote, which accurately summarizes the ruling of the court, reads as follows:

"A statute providing for the construction of streets at the cost of abutting property owners is not unconstitutional because it does not require the contract for such construction to be approved by the city council, as that is a ministerial act, and may be intrusted to an executive board."

In the case of *Harrisonburg v. Roller,* 97 Va. 582, it was held that it is not an undue delegation of power for a municipal corporation to confide to the street committee the execution of work where the work has

been ordered and the manner of its execution has been prescribed by the council. In the opinion is was said:

"It was argued in support of the injunction and decree that the council had delegated to the discretion of its street committee the work of raising the sidewalk in front of the residence of the appellee, which discretionary power was vested in the council alone, and was incapable of being delegated by it. The evidence in the cause refutes the contention. The evidence shows that the work of raising the pavement on the west side of South Main street had been completed from Masonic corner to Cochran's shop, which brought it to the line of appellee's lot. At this stage, as appears from the minutes of the council, upon a report made to it by the street committee, it ordered that 'the sidewalk on the west side of Main street, from shop occupied by James Cochran to Bruce street, be raised to the proper level as soon as practicable—estimated cost, $60.' The effect of this order was to direct that the sidewalk in front of the residence of the appellee be raised, and by 'proper level' was plainly meant that it be raised to correspond with the level of the work that had been completed from Masonic corner to Cochran's shop. The council ordered the work to be done, prescribed how it should be done, and left its execution to the street committee. This was no undue delegation of power." (p. 585.)

In the case of *Hitchcock v. Galveston*, 96 U. S. 341, it was decided that where a city council is vested with power to cause sidewalks to be constructed it may authorize the mayor and the chairman of the committee on streets and alleys to make, in its behalf, and according to its directions, a contract for doing the work. In the opinion it was said:

"If the city council had lawful authority to construct the sidewalks, involved in it was the right to direct the mayor and the chairman of the committee on streets and alleys to make a contract on behalf of the city for doing the work. We spend no time in vindicating this proposition. It is true the council could not delegate all the power conferred upon it by the legislature, but, like every other corporation, it could do its

ministerial work by agents. Nothing more was done in this case. The council directed the pavements, ordering them to be constructed of one or the other of several materials, but giving to the owners of abutting lots the privilege of selecting which, and reserving to the chairman of their committee authority to select, in case the lot owners failed. The council also directed how the preparatory work should be done. There was, therefore, no unlawful delegation of power." (p. 348.)

It is argued that the mayor and council, in designating several kinds, did not exercise their judgment respecting the material to be used in constructing the sidewalk, and that the choice left to the plaintiff and in fact exercised by the street commissioner constituted a delegation of power. In such cases it is held that the mayor and council designate all the kinds of material specified, in effect declare that there is no choice between them, and authorize the use of any of them. (*Richardson v. City of Omaha*, 74 Neb. 297; *Gallaher v. Smith*, 55 Mo. App. 116; *Baltimore City v. Stewart*, 92 Md. 535.)

It is said that the special assessment was levied against the plaintiff's property by the street commissioner and city clerk. The ordinance providing for the construction of the improvement, the report of its cost and its certification to the county clerk constituted the legislative act of levying the assessment. The report of the proper amount to the city clerk and its certification to the county clerk were mere ministerial matters.

The statement in the record of the council proceedings that ordinance No. 337 "was taken up for consideration and was read section by section" shows with sufficient certainty that the ordinance was properly considered. The fact that the city engineer's estimate was not properly itemized is a mere irregularity which does not expose the proceedings to collateral attack as being void. This case is a companion of *Manning v. Cable*, 83 Kan. 787, and as there held the penalty added by the city clerk was unauthorized and might have been

avoided if the amount of the tax justly due had been paid.

The judgment of the district court is reversed and the injunction granted is vacated, at the cost of the plaintiff.