LYMAN RICHARDSON ET AL., APPELLEES, V. CITY OF OMAHA ET AL., APPELLANTS.

FILED JUNE 22, 1905. No. 13,766.

1. City Council: SPECIAL MEETINGS: NOTICE. A call for a special session of the city council of the city of Omaha in the following language, "A special meeting of the city council of the city of Omaha is hereby called for Saturday, July 1, 1899, at 8:30 o'clock A. M., in the council chamber in the city hall, for the purpose of considering communications, petitions, resolutions, committee reports and ordinances on first, second and third reading and passage"—where such call is properly recorded in the journal with the proceedings of the council when assembled, is a sufficient compliance with the provisions of the Omaha charter to enable the council to introduce, read and pass ordinances at such special meeting.

2. ———: DELEGATION OF AUTHORITY. A resolution adopted by the city council of the city of Omaha, directing that certain permanent

sidewalks shall be constructed "of stone or artificial stone," is a compliance with the provisions of an ordinance in force in that city, requiring the mayor and council to designate the kind of material with which permanent sidewalks shall be constructed, and does not amount to a delegation of the authority to determine of what material permanent walks shall be constructed.

APPEAL from the district court for Douglas county: CHARLES T. DICKINSON, JUDGE. *Reversed.*

*C. C. Wright, W. H. Herdman* and *A. G. Ellick,* for appellants.

*H. W. Pennock* and *McGilton, Gaines & Storey, contra.*

JACKSON, C.

The plaintiffs instituted this action to enjoin the collection of certain special taxes and assessments levied by the city of Omaha on certain lots and lands, and the case was brought to this court by appeal from the decree declaring the assessments in street improvement district No. 679 to be void, and that the assessment for certain permanent sidewalks was also void. It appears from the record that at special meetings of the city council of the city of Omaha an ordinance was introduced and passed providing for certain improvements in street improvement district No. 679. Section 39 of the charter of Omaha provides:

"The mayor or any three councilmen shall have power to call special meetings of the council, the object of which shall be submitted to the council in writing, and the call and object and disposition thereof, shall be entered upon the journal by the clerk." The record of the meeting at which the ordinance was introduced, in so far as it is pertinent to the inquiry, is as follows: "Council Chamber, July 1, 1899. Special meeting. Council called to order. Special session Saturday July 1, 1899, at 8:30 o'clock A. M., by President Bingham. Present, Bechel, Burkley, Burmester, Karr, Mount, Stuht, Mr. President.

Absent, Lobeck, Mercer. Quorum present. Call. A special
meeting of the city council of the city of Omaha is hereby
called for Saturday, July 1, 1899, at 8:30 o'clock A. M.,
in the council chamber in the City Hall, for the purpose of
considering communications, petitions, resolutions, com-
mittee reports and ordinances on first, second and third
reading and passage. Frank J. Burkley, Ernest Stuht,
W. W. Bingham, Wm. F. Bechel." At this meeting the
ordinance was introduced, read the first time, and, under
a suspension of the rules, read for the second time. On
July 3 of the same year, at another special meeting of the
council, of which the record material to the inquiry is
substantially the same as that of the meeting of July 1,
with the exception of the date and the hour of the meeting,
and that only one of the councilmen was absent, the or-
dinance was put upon its third reading and passage, and
was passed by the necessary number of votes.

It is contended by the plaintiffs that the ordinance is
void because it was introduced and passed at special ses-
sions of the city council, and that at the special sessions,
so held, the object of the meeting was not submitted to the
council in writing, nor was the object and call of the meet-
ing spread upon the journal of the council by the clerk.
This contention of the plaintiffs was sustained by the
court, and the collection of the special assessments and
taxes was enjoined. The record of the special meetings
quoted above was introduced and received in evidence at
the instance of the plaintiffs, from which it appears that
the claim of the plaintiffs and the finding of the court that
the call and object of the meeting were not spread on the
journal of the city council by the clerk is not well founded.
It is argued by counsel that Omaha inherited its charter
provisions from the colonies, which required notice of
special town meetings to contain a statement of the ob-
ject and purpose of the meeting, and that consideration
of the construction placed upon the requirements as to
the notice of such special town meetings will sustain their
contention in this case. A careful reading, however, of

the charter provision relied upon, leads to a different conclusion. No particular form for the notice of special meetings of the city council in Omaha is required by the charter, nor is it required that the object of the meeting shall be stated in the call. What seems to be required, if the charter provision is mandatory, is that, after the council is convened, the object of the meeting shall be stated; in other words, that the question shall be stated before the motion is put. We think that the Omaha charter has adopted the form rather than the substance of the requirements necessary to a special town meeting in the colonial period, and that the call of the special meetings of the Omaha council included a sufficient statement of the object of the meeting, and obviates the necessity of any other statement or procedure to give the meeting vitality, other than the act of spreading the call at large upon the journal as a part of the proceedings of the council. A very substantial reason might be given for obeying the provision of the charter, had it required notice of the meeting to contain a statement of the object of the meeting, but there seems to be no good reason for insisting that, after the council has convened, the contents of the proposed ordinance should be disclosed by a statement before the ordinance is read, when a much more satisfactory exposition of the ordinance is made by the reading of the ordinance itself. We conclude that the requirements of the provisions of the Omaha charter questioned in this proceeding have been substantially complied with.

Upon the other branch of the case, relating to the assessments for permanent sidewalks, it is contended by the plaintiffs, and was found by the court, that the resolution directing the construction of the walks is invalid because the mayor and council did not designate the kind of material with which the walks should be constructed, and that the authority to designate such material was delegated to the board of public works, contrary to the provisions of the ordinance under which the walks were or-

dered to be constructed. Section 3 of the ordinance of the city authorizing the mayor and council to order the construction of permanent walks is as follows: "That the sidewalks shall be laid and constructed of permanent material, such as brick, tiling, stone, artificial stone, macadam, slagolithic or other like material, as may be ordered by the mayor and council." The resolution directing the construction of the walks provided that they should be constructed "of stone or artificial stone" and required them to be constructed according to the plans, specifications and requirements of the board of public works, and provided that, unless the owner or owners of the premises should construct such walks within 15 days, the board of public works should cause the same to be done, and report the cost to the city council, to be assessed to the extent of special benefits thereto upon the lot, part of lot or real estate along or abutting with such sidewalk so constructed. The owners failed to comply with the resolution, and the walks were constructed by the city, and the cost of such construction assessed to the owners of the abutting property, according to the provisions of the resolution directing construction of the walks.

The district court sustained the contention of the plaintiffs and enjoined the collection of the special assessments and taxes; the language of the decree being:

"For the reason that the city of Omaha, through its mayor and council, failed to determine or designate the material of which the sidewalks should be constructed, but unlawfully delegated the power to designate and determine the material to be used in said sidewalks to the board of public works in the city."

We find ourselves unable to agree with the conclusions reached by the district court. The mayor and council directed the sidewalks to be constructed of stone, leaving it to the owner in the first instance, and to the board of public works in the second instance, to determine whether the stone so used should be natural or artificial, a provision which we think beneficial to the property owner,

especially so, had he elected, as he should have done, to have obeyed the mandate of the corporate authority and constructed the sidewalk at once, instead of compelling the public to resort to the expediency of improving his property, and being obliged to appeal to the courts to compel him to make payment therefor. A similar question was before the appellate court of Missouri in the case of *Gallaher v. Smith*, 55 Mo. App. 116. In that case it appears that the city of St. Joseph had directed the construction of certain walks of "plank, * * * sawn from sound pine, white or burr oak timber." The charter provision under which the council in that case acted is as follows: "The common council shall have the power to cause to be constructed, reconstructed, or otherwise improved and repaired, all * * * sidewalks * * * within the city, at such time, and to such extent, and of such dimensions, and with such materials, and in such manner, and under such regulations as shall be provided by ordinance." Payment of a tax imposed for the construction of a walk was sought to be avoided upon the ground that the ordinance and the contract were void, as they delegated to the city engineer a discretion which was vested by the charter in the city council. The court say:

"The ordinance and contract * * * clearly left it to the option of the contractor to use either pine or oak lumber in building the sidewalk. Was the ordinance for that reason void? In support of the judgment below, it is insisted that the ordinance fails to designate the *materials* from which the walk was to be constructed, but left the decision of that matter with the contractor, thereby delegating the legislative powers of the common council to another. * * * We cannot give our assent to the contention that there was such a delegation of legislative judgment as will avoid the ordinance. The council has not failed to designate the material. The ordinance, with much minuteness of detail, has prescribed the length, breadth and thickness of the lumber, how laid and how ballasted, and then has in effect said to the contractor,

'we are indifferent whether you use pine or oak—either will answer.' The council has exercised its judgment and declared in effect that there can be no choice between the two; and this is all that can be asked. * * * We think the council, in the matter in hand, did exercise its judgment and discretion, and did not delegate it to another."

The reasoning in that case is sound, and, in our judgment, should be adopted and followed in this case.

As the district court allowed a perpetual injunction, we recommend that the judgment of the district court, in so far as it affects the special taxes and assessments in street improvement district No. 679, and for the construction of permanent sidewalks along the north 142 feet of sublot 1 of tax lot 16, section 21, township 15, range 13, and lots 5 and 6, block 8, West End Addition to the city of Omaha be reversed, and the action dismissed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the action is dismissed in so far as it affects the special taxes and assessments in street improvement district No. 679, and for the construction of permanent sidewalks along the north 142 feet of sublot 1 of tax lot 16, section 21, township 15, range 13, and lots 5 and 6, block 8, West End Addition to the city of Omaha.

REVERSED.

SEDGWICK, J., not sitting.