## Reuter v. Meacham Contracting Co.

(Decided May 10, 1911.)

### Appeal from Henderson Circuit Court.

1. De facto Officers—Acts in Collateral Proceeding—How Recognized—It is a well recognized rule that the acts of a de facto officer will not, in a collateral proceeding, be declared void.

2.  Vote in City Council—Effect—The vote of one who acts as a de facto member of a city council is as effectual for all legal purposes as those of a councilman de jure.

3.  Parliamentary Custom—Not Recognized by Courts—When the rule obtains that a ctiy council must complete all business before going out, it is because such rule has been adopted as a matter of parliamentary custom and not followed as a matter of law, and the courts are not required to recognize all parliamentary rules that may be adopted by a body of legislative functions.

4.  Cities—Streets and Sidewalks—Discretion in Building—The question of whether the streets or sidewalks of a city should be repaired, changed or improved, is a matter that addresses itself solely to the discretion of the common council of the city, as is the further question as to what the character and extent of the work should be, and the courts will not interfere with the exercise of such discretion.

MORRIS & HURT for appellee.

YEAMAN & YEAMAN for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellee brought this action in the court below to enforce a lien upon certain real estate in the city of Henderson, belonging to appellant, for the payment of $382.05, alleged to be due it for constructing a sidewalk, curb and gutter on and along the property in question; it being in substance averred in the petition that the work was required to be done by an ordinance duly adopted by the common council of Henderson, which is a city of the third class, and in pursuance of a certain plan and specifications therein set forth; that the contract for the work of construction was awarded to appellee as the lowest and best bidder and the work was done by it in the manner required by the ordinance and the contract with the city; that upon the completion of the work, it was by ordinance accepted by the city, which ordinance duly apportioned the cost thereof among the various persons whose property was improved thereby; and that the cost so apportioned to and assessed against appellant's property amounted to $382.05, which he had refused to pay.

The answer of appellant, by separate paragraphs, set up, in substance, the following grounds of defense: 1st. That the ordinance under which the work of construction was done was void. 2d. That the work of con-

struction was not done in accordance with the requirements of the ordinance, or the terms of the contract by which it was awarded to appellee. 3d. That the work of construction done by appellee was unnecessary, and its performance subjected appellant and other property owners, against whom the cost thereof was assessed, to unnecessary and unreasonable expense.

Appellee filed a demurrer to the answer as a whole and to each paragraph thereof. The circuit court sustained the demurrer to the answer and its several paragraphs, and as appellant failed to amend, judgment was rendered enforcing appellee's lien for the $382.05 claimed, and directing the sale of the property described in the petition to pay same, with interest and costs of the action. Appellant being dissatisfied with the judgment has appealed.

Appellant's first ground of defense includes several contentions each of which will be considered. First, it is insisted that the ordinance under which the work of construction was done by appellee was not legally given its second reading, or second passage as required by law, because the notice or call for the meeting at which it was given its second reading and was the second time adopted, did not specify with sufficient particularity the object of the meeting, what street improvements were contemplated, or the character of the improvements. The call was in words and figures as follows:

"Henderson, March 8th, 1910.

"To the Members of the Common Council of the City of Henderson:

"Gentlemen—You are hereby notified that a meeting of the Common Council of the city of Henderson, Ky., is hereby called to meet in the Council Chamber in the city of Henderson, on the 8th day of March, 1910, at 7:30 o'clock, p. m., to consider ordinances for street improvements on their first and second reading. No other business will be considered.

"Very truly yours,
"W. I. THOMPSON, Mayor."

Section 3301, Kentucky Statutes, applicable to cities of the third class, permits the calling of special meetings of the council by the mayor for the transaction of business, but in the event of his doing so, provides: "But in

the call he shall designate the purpose of same, and no other business shall be considered.''

The statute does not give the form of the call or notice, and it will be deemed sufficient if it merely designate in general terms the purpose of the meeting. Details are unnecessary; only a designation of the subject or subjects of legislation or business to be considered at the called meeting of the council, is required. Manifestly, the call for the meeting of the council of the city of Henderson on the occasion under consideration meets this requirement. Its publication in a newspaper was not required by the statute. Delivery of a copy of it to each member of the council was all that was necessary; and this might have been done by the Mayor in person, any member of the police force of the city, or through the mail. It is not denied that each member of the council received notice of the called meeting and admitted that eight of its members attended the meeting. The details contended for by appellant must appear in the ordinance, or ordinances, adopted at the call meeting, but they have no place in the call for the meeting. In our opinion, notice given of the call meeting by the Mayor of Henderson was sufficient in form and substance.

In connection with the claim that the ordinance in question was not legally given a second reading or passage, appellant contends, that although the ordinance appears to have passed by a vote of two-thirds of the common council as required by the statute, yet that it was not legally passed, because W. H. Compton, one of the eight, or two-thirds, was, as alleged, ineligible to his seat in the council. It is averred in the answer that section 3266, Kentucky Statutes, in defining the qualifications necessary to membership in the common council of a city of the third class, provides that ''No person shall be a councilman who, at the time of his election, * * * is not a freeholder in the city for which he is elected;'' * * * that Compton at the time of his election to membership in the common council of the city of Henderson, was not a freeholder, consequently, he was ineligible to a seat therein, and his acts in assuming to perform the duties of a councilman, including his vote on the passage of the ordinance referred to, were void. The answer contains the admission, however, that Compton's wife, by a deed,

executed by her immediately before his election, attempted to convey him a small piece of ground in the city of Henderson for the purpose of making him eligible to the office in question, but averred that the deed was void.

Waiving consideration of the question whether the deed to Compton from his wife invested him with the title to the real estate therein described, we deem it sufficient to say that the facts stated in the answer show him to have been at the time of the passage of the ordinance in question, a de facto councilman, for it is therein alleged that he was elected a member of the common council of the city of Henderson from the fourth ward of the city, at a regular election held in November, 1909.

It is, in substance, further alleged in the answer that Compton assumed office on the first Monday in December, 1909, that he was present at the meeting of the council held on March 8, 1910, and then voted in favor of the passage of the ordinance referred to.

It is a well recognized rule that the acts of a de facto officer will not, in a collateral proceeding, be declared void.

In Johnson v. Sanders, 131 Ky., 537, the validity of a contract made between a teacher and two trustees of a school district was involved. One of the trustees, though appointed to the office by the County Superintendent to fill a vacancy, was ineligible, because a postmaster, the two offices being incompatible under the constitution; yet we held that as he qualified and assumed to exercise the functions of the office of school trustee, with the acquiescence of the county superintendent, the other trustees and the public generally, he was a de facto trustee, though he was ineligible to the office by reason of being postmaster.

In Mechem on Public Officers, section 321, quoted with approval in the opinion of the case, supra, it is said:

"Contra-distinguished from the officer de facto is the mere usurper or intruder, who is one who has intruded upon the office and assumed to exercise its functions without either the lawful title, or the color of right to it. His acts, therefore, are entirely void. He may, however, as is stated in the last section grow into an officer, de facto, if his assumption of the office is acquiesced in."

In section 324, of the same volume, it is further said: "Where the law has provided that the office may legally be filled, then the acts of an incumbent may be valid, although not legally appointed, because the public being bound to know the law, know that somebody may or should fill the place and perform the duties; and possession would as to them, be evidence of title. But where the law itself negatives the idea that there can be a legal incumbent, any one assuming to act, assumes what every one is bound to know is not a legal office, and his acts can not be effectual for any purpose." Eubank v. Commonwealth, 126 Ky., 348; 31 R., 746; Wilson v. Tye, 126 Ky., 34; 31 R., 491; Rodman v. Harcourt, 4 B. Mon., 224; Rice v. Commonwealth, 3 Bush, 14; Chambers v. Adair, 110 Ky., 942; Pence v. City of Frankfort, 101 Ky., 534.

Measuring Compton's status by the rule stated, we must conclude that he was neither a usurper or intruder, and whether eligible to the office of councilman when elected or not (a question we do not decide), his acts as a de facto member of the council, including his vote for the adoption of the ordinance in question, were as effectual for all legal purposes as those of a councilman de jure.

Another contention of the appellant is that the ordinance requiring the work that was performed by appellee was void, because passed on its first reading by one council and on its second reading by another and succeeding council. In other words, it is contended that the common council of the city of Henderson is like the State Legislature and similar legislative bodies not a continuous or continuing body. We can not sustain this contention. While it is doubtless true that as a rule a council finishes up its business before it goes out of office, it is likewise true that in many instances it leaves much unfinished business, such as the enactment of ordinances that must be and are completed by the succeeding council; but at most where the rule that a council must complete all business before going out, obtains, it is because such rule has been adopted as a matter of parliamentary custom, and not followed as a matter of law; and the courts are not required to recognize all parliamentary rules that may be adopted by a body of legislative functions.

A common council in its powers and duties differs in many respects from a purely legislative body. In ad-

dition to the power to legislate, it also possesses and is required to exercise many powers and duties that are purely administrative. For instance, a common council is required to accept the bonds of the city's officers, grant and revoke licenses, make contracts for the improvement of streets and alleys, accept such work when completed, and perform many other like duties; and none of these things may be done by a purely legislative body like the Legislature of a State. Counsel for appellant has referred us to one or two text books which apparently sustain his contention, but an examination of these books will show that the view of the subject expressed by the authors is unsupported by any authoritative utterances of the courts. On the other hand, the conclusion we have reached that a new council may complete the unfinished business of the preceding one, including the final reading and passage of an ordinance which had its first reading and passage in the previous council, is sustained by an opinion in the case of McGraw v. Whitson, 69 Iowa, 348, in which it is said:

"Upon the question as to whether a city council is to be regarded as a continuous body or not, able arguments have been filed upon both sides. But, in our opinion, whatever may be thought upon this question, the ordinance is not invalid. All the statute prescribes is three readings. The position that all the readings should be before the same persons is based upon an inference drawn from the supposed object of the provision. It is contended by the plaintiff that if three readings are desirable it is just as desirable that all who are to vote upon the ordinance should hear the three readings. But the council consists of but one body. * * * We can not think that it was intended that all unfinished business should be dropped at each council election, and taken up again entirely new, if at all. To justify us in so holding, we think we should have something stronger than a mere inference. It is true that one general assembly can not join its actions on to the actions of the preceding general assembly, but we do not regard the analogy between a legislative and city council sufficiently strong to be of controlling importance. * * * One position of the appellant remains to be considered. It is shown that the city council of Clinton adopted for its parliamentary goverance Roberts Rules of Order. It is contended that, according to one of the rules, all un-

finished business fell to the ground when the term of service of the outgoing alderman expired. But, if we should concede that the rule in question became applicable, the most that could be said is that the council violated one of its own parliamentary rules. But if the statute was complied with, as we hold it was, in the passage of the ordinance, we think it was valid. In our opinion the ordinance must be sustained and the judgment reversed.''

We are the more inclined to adopt the conclusion announced in the case, supra, in view of the deplorable consequences that might result to the rights of contractors and others dealing with city councils, if the contrary doctrine should prevail in this State.

We can not sustain appellant's further contention that a portion of the work appellee undertook under its contract with the city was omitted by it in executing the contract. In point of fact, this contention rests upon a clerical error appearing in the resolution passed by the council accepting the work. The resolution was as follows:

''Whereas, the construction of an artificial stone sidewalk, curb gutter on the east side of Green street between First street and Second street has been completed by the contractor (appellee) according to contract and according to the terms and conditions of the ordinance. * * * Now, therefore, be it resolved by the common council * * * that the sidewalk and gutter above mentioned be and the same are hereby accepted and received as done according to the contract and ordinance above mentioned, and that the engineer's estimate and apportionment of the cost of said work against the property and property owners be and the same is hereby received, accepted and approved.''

It is apparent that the failure of the latter part of the above resolution to mention the word "curb," as was done in the foregoing part of the resolution, was a mere clerical error; and taking the resolution as a whole, it is clear that its meaning is that the curb first mentioned in connection with the word gutter, was, as completed by appellee, accepted by the common council at the time it accepted the sidewalk and gutter. In this view of the matter, which we think the correct one, appellant's contention is left without ground upon which to stand.

Appellant's final contention that the work done by appellee under his contract with the common council was

unnecessary, is a matter with which neither the circuit court, nor this court is concerned. The complaint constitutes no defense to the action. The question of whether the streets or sidewalks of a city should be repaired, changed, or improved, is a matter that addresses itself solely to the discretion of the common council of the city, as is the further question as to what the character and extent of the work should be; and the courts will not interfere with the exercise of such discretion. Kentucky Statutes, section 3453; Lexington v. McQuillen's Heirs, 9 Dana, 523; Dumisnil v. Louisville, et al., 109 Ky., 1; Trustees, et al. v. McNabb, 23 R., 811; Duker v. Barbour, 25 R., 135.

Finding no error in the judgment appealed from, it must be and is hereby affirmed.