MUNICIPALITY OF HATILLO, Plaintiff and Appellee, v.
FRANCISCO RÍOS FERRER, Defendant and Appellant.

No. 8577. Argued November 5, 1942.—Decided November 30, 1942.

*Luis Mercader* for appellant. *Pedro Santos Borges* and *Antonio Reyes Delgado* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On the 16th of last March the Municipality of Hatillo, requested the District Court of Arecibo to issue a writ of injunction against Francisco Ríos Ferrer enjoining him from continuing to enter a certain lot belonging to the petitioner and from continuing to build on it or to perform any act of disturbance or violation of his property right.

The writ was issued. The defendant answered opposing the writ. The plaintiff amended his petition, specifically requesting that the defendant be ordered to stop construction of a certain pavilion on the lot, and it was prayed that the partially constructed pavilion be removed and that any other equitable remedy be issued for the removal of the nuisance in question. Defendant opposed the amended complaint and, after a hearing, the judge admitted it, and the defendant then filed his answer to the same.

After a hearing at which both parties submitted evidence, the court on April 22, 1942, issued the preliminary injunction, against which this appeal was taken, whereby defendant was ordered to abstain from continuing to build on plaintiff's lot the concrete structure which was described in the complaint.

In his brief, appellant assigns to the lower court the the commission of eight errors in not resolving that plaintiff's cause of action had prescribed according to §83 of the Municipal Law in force, in admitting the amended complaint, in issuing the injunction, in resolving that twenty years ago an auction was a necessary condition precedent to give defendant permission to build the structure which he

built, in resolving that the acts and admissions .of the plaintiff "in the suit of the Church, 59 P.R.R. 190" were *res judicata,* in considering the property right of the plaintiff in the building as a mere nullity, in issuing the injunction without the clear title required by law, and in weighing the evidence.

Let us decide first whether or not the district court erred in permitting the filing of the amended complaint.

Appellant's contention is that the original complaint tried to establish a case of injunction to retain or recover possession and that the second complaint varied the cause of action.

After having examined the pleadings, we are of the opinion that the lower court did not err in admitting the amended complaint, for the reason that it did not vary the cause of action. The aim of both complaints is to prevent the defendant from continuing to build and to obtain the destruction of what has already been built, the lot remaining at the free disposal of its legitimate owner, the municipality.

Let us now determine whether or not there exists *res judicata.* Appellant contends that it does, for the reason that the final decision of this court in the case of the *Roman Catholic Church, etc.* v. *Municipality,* 59 P.R.R. 190, resolved in his favor the issue now raised, that is, his right to build and maintain the pavilion on the lot which belongs to the municipality.

Appellant's contention is without merit. The case he cites was an action involving cross claims on real property and other matters, instituted by the Church against the municipality and against Ríos, in which case .it was decided that the Church was not the owner of the land upon which Ríos was erecting a certain building and, therefore, had no right to the injunction which it was requesting against Ríos to stop him from continuing to build.

It is true that it may be assumed that the land and the structure which are the objects of both suits are the same, and that in reality what the Church tried to do was to remove the structure, which is the same thing now intended by the municipality, but the fundamental question which was decided is not the same nor do the litigants enjoy the same status as formerly. We can not find here the perfect identity between things, the cause, the litigants and their status which the law and the weight of authority demand. Section 1204, par. 3 of the Civil Code (1930 ed.), *Catholic Church* v. *Municipality of Bayamón,* 27 P.R.R. 789. The case cited establishes *res judicata* only with respect to the fact that the lot on which the structure is being erected belongs to the municipality and not to the Church, but not with respect to Ríos' right to continue to build the structure thereon and to mantain it against the will of the owner of the lot.

██ Neither did the court err in holding that the cause of action had not prescribed. In arguing this assignment of error, appellant contends that the cause of action had prescribed pursuant to §83 of the Municipal Law in force —Laws of 1928, p. 398—for the reason that the annulment of the ordinance was not requested within the term of thirty days, from its approval. However, as we shall readily see, it was unnecessary to request the annulment of the ordinance pursuant to the provision mentioned, because the municipality took it for granted that said ordinance never had legal existence, considering it as something which never existed.

Having thus disposed of the foregoing question, we shall enter fully into a study of the controversy on its merits.

It may not be challenged that the Municipality of Hatillo is the owner of a lot 11 ft. wide and 25 ft. deep which abuts on the north with the northern Street of the Square, on the south with the Catholic Church, on the east with a lot belonging to the municipality and on the west with a street

also belonging to the municipality, and that on or about March. 14, 1942, Ríos, against the will of. the municipality as expressed by its present mayor, was continuing the construction of a concrete pavilion on the lot.

· The real issue is whether Ríos was acting legally or illegally, that is, with valid permission from the owner or against his will and in violation of his right.

Ríos contends that more than twenty years ago the municipality gave to his ancestors the usufructuary right to the lot and from that time on they and he have been in the material possession thereof and using it in good faith, maintaining upon it several wooden, zinc, and concrete structures (pavilions) dedicated to the sale of ice cream, candy, and refreshments; that they have paid taxes to the municipality and to the Insular Government; that about 1938, wanting to improve the appearance of the structures, he had some blueprints drawn with the approval of the Department of Health to erect a concrete pavilion; that he was explicitly authorized to do so by the municipality through ordinance No. 21 of 1938; that after the repairs were in progress, the Catholic Church filed a suit against the municipality and against him in which there issued an injunction paralyzing the repairs, but which was finally decided against the Church by the Supreme Court, the municipality having admitted in that suit his right to the structure; and that on May 14, 1942, the mayor notified him of a complaint made by the Insular Department of Health regarding the cleanliness of the lot and that he immediately cleaned it and continued the repairs.

Such is the position of the defendant. The plaintiff admits that years ago it gave to an ancestor of the defendant a revocable permit for the construction of a wooden portable pavilion, but that said structure disappeared in order to be substituted by the concrete permanent one which defendant was erecting without any right whatsoever, since the ordi-

nance which he alleges gave him the necessary permission is nonexistent.

At the hearing the municipality submitted the following evidence:

A. A certified copy, by the Secretary of the Municipality of Hatillo, of minute No. 14 (May 23, 1938), from which it appears that several members of the municipal assembly convened to celebrate a special session, and that several agreements were reached. An itemized list of the business at hand appears in the minute. The matter of the pavilion does not appear among them. That notwithstanding, it appears that through ordinance No. 21 it was agreed to "give permission . . . (to the defendant) to erect a concrete structure on a lot belonging to the municipality according to blue prints submitted."

B. A certified copy of Resolution No. 9, approved by the Municipal Assembly of Hatillo on June 11, 1921, authorizing Manuel Circuns to erect a wooden pavilion on the southeastern end of the street which abuts on the walk that surrounds the Catholic Church. In its first "Whereas" reference is made to the petition made by Circuns requesting permission to erect *a concrete pavilion,* and the second "Whereas" states: "Whereas, as has been agreed by this administration there will be permitted on the side adjoining the Catholic Church only those portable pavilions which will permit, at any time, that the lots be vacated upon first notice given by the municipal executive, and the concession which is now sought would violate that legal provision." There follows the "wherefore" authorizing the construction, but only if wooden and portable.

C. An affidavit subscribed by Genaro E. García, a pharmacist born and living in Hatillo. In its pertinent part it says: "that from time immemorial I have known two walks on each side of the atrium of the Catholic Church of Hatillo; that for . . . . about ten years there have existed two portable

wooden pavilions for the sale of refreshments and cigarettes, and recently of liquor; that for sometime I have, together with other members, insisted that the municipal authorities purchase said pavilions and remove them from their places, because they besmirch the landscape, and since the sale of liquor has started therein they constitute the source of breaches of the peace that promote disorder; that recently Francisco Ríos has begun the erection of a reinforced concrete pavilion of a permanent character and that subscriber, together with other neighbors, has requested the mayor to stop said erection . . .''

. B. An affidavit subscribed by Arturo Lacomba, Clerk of the Municipal Court of Hatillo. He said: ''I have under my custody the archives of said municipality; that I have searched said archives, specially the records and minutes corresponding to the sessions held by the Municipal Assembly of Hatillo in the years 1937, 1938, and 1939, as they were delivered to me when I took office, and in none of them does there appear any petition, blueprints, documents or papers with respect to the concession made to Mr. Francisco Ríos Ferrer of a lot belonging to the municipality, or permission for the erection of a concrete pavilion in the northern street of the Square, southeastern corner of the Catholic Church except what appears related in minute No. 14 of the special session of the Municipal Assembly of Hatillo, P. R., held on May 23, 1938, nor does there appear any paper, document, petition, blueprint or ordinance relative to the erection of said pavilion in the archives under my custody nor in the mayor's office which has been presented to the mayor for his signature and/or which has been signed by said officer.''

E. A certified copy of the ordinance approved by the Municipal Assembly of Hatillo on October 6, 1921, §2 of which reads as follows: ''The Commissioner of Public Service is hereby authorized to grant special permits to . those persons who wish to erect portable pavilions around

the atrium of the Catholic Church, provided that such pavilions should have a pretty facade, should be duly painted and should comply with all the necessary requisites for the improvement of the landscape. Such permission will be revoked by this Municipal Assembly as 'soon as this corporation deems it convenient either because they do not comply with the requisites herein set forth, or for any other cause.''

F. An affidavit subscribed by José Assad Amador, Mayor of Hatillo. He said, ''that during the period of the electoral campaign of the year 1940 he learned of some litigation between the Catholic Church and Mr. Ríos Ferrer, defendant herein, because the latter wanted to erect and started to erect a reinforced concrete pavilion on the street walks to the left of which stands the Catholic Church of the town, and he, Assad Amador, expressed himself against such erection as well as against the enlargement of the portable wooden pavilion . . . which stands on the other side of the Church and which belongs to his mother-in-law; that after he was elected, and knowing that a decision of the litigation was pending, he did not take action until he knew the result of the same, at which time he started to take steps to remove said pavilions and when he had already obtained the consent of his mother-in-law to remove her pavilion, then Ríos Ferrer continued to build his; that he addressed a letter to said Ríos Ferrer warning him that he should not continue to erect the structure, and the latter has continued to build through his building contractor, until he was enjoined by this honorable court; that before deponent there have appeared many residents of Hatilllo to request him to stop the building; that said structure destroys the good looks of Hatillo and constitutes a public nuisance; that the lot on which it is being erected belongs to the municipality, that has been used as a pleasure walk from time immemorial; that the Municipality of Hatillo has never given said lot to Ríos Ferrer and it can not give it to him unless it is for the

erection of a house in which to live; that Ríos Ferrer has not paid a price or rent for the use of said lot; that an alleged ordinance on which Ríos Ferrer bases his claim has never existed because the Municipal Assembly of Hatillo has never been called for a session to consider said measure and it does not appear that any legal action has been taken in any way whatsoever; that if Ríos Ferrer should demonstrate that he has a right to put up a building on a site where such thing is prohibited, then the Municipality of Hatillo will give him the reasonable value of what has been erected and order him to stop."

The evidence submitted by the defendant was as follows:

1. A copy of the complaint filed by the Catholic Church which initiated the "action to settle counterclaims upon real property and other matters," which was decided by this Supreme Court and reported in 59 P.P.R. 190.

2. A copy of the petition for an injunction *pendente lite* which was filed in the suit initiated by the above-mentioned document.

3. A copy of the opposition filed by defendants the Municipality of Hatillo and Francisco Ríos to the petition for an injunction *pendente lite*.

4. A copy of the answer filed by the defendants in the above-mentioned suit.

5. A certified copy issued on May 24, 1938, by José Antonio Alcaide, Secretary Auditor of the Municipality of Hatillo, of ordinance No. 21, from which it appears that it was approved at a special session of the Municipal Assembly of Hatillo on May 23, 1938, and approved by the mayor on the following day. In the transcript of the ordinance, there appears, instead of the signatures, a dotted line.

6 and 8. Receipts signed by the Collector of Internal Revenue evidencing the payment of $2.20, $5.14, $4.09 by Francisco Ríos for taxes and surtaxes upon a house located

on a lot belonging to the Municipality of Hatillo for the years 1937–38, 1940–41 and 1941–42, respectively.

7. Copies of a decision of this Supreme Court and of its judgment in the suit on the cross claims, and

9. A letter dated March 13, 1942, addressed by the Assistant Sanitary Engineer José E. Culpeper, Insular Department of Health, to the defendant, which says: "In answer to your letter of March 11, 1942, and granting your petition, we hereby renew permit No. 3457 issued to you, on June 16, 1938, to erect a reinforced concrete pavilion on Miramar St. in the Municipality of Hatillo, Puerto Rico.

In addition, two sworn statements consisting of three typewritten sheets each, respectively subscribed by Pablo J. Aguilar and Juan Amador Martínez, were submitted narrating the whole history of what has occurred with respect to the construction of pavilions in the Municipality of Hatillo in general and with defendant's structure in particular.

In our opinion, the lower court did not err in weighing the evidence nor in issuing the preliminary injunction from which this appeal has been taken.

The defendant did not acquire any right whatsoever to erect a permanent structure by virtue of the concession made by the municipality to his ancestor, which was a purely transitory matter. This conclusion is inescapable without any need of reasoning. It appears clearly and conclusively from the allegations and the evidence.

Any right which the defendant might have to a permanent structure rested upon ordinance No. 21 of May 23, 1938, and such ordinance, as plaintiff contends, never came into existence because it was not legally approved by the municipal assembly or by the mayor.

In making reference to the evidence submitted by the plaintiff, we said that in the minutes of the special session, where it appears that ordinance No. 21 was approved, there is included an itemized list of the business at hand and that

among such matters there does not appear anything related to the ordinance. Such being the case, it is clear that the council did not have the power to approve it, and, therefore, that act was without legal value.

In the case of *People* v. *Oliveras,* 33 P.R.R. 707, this court said:

"We need consider now only the last count, which is based on the fact that the respondent was elected at a special session of the Municipal Assembly of Ponce, the call for which did not state that the election of a mayor for the city of Ponce would be a matter to be considered at that meeting.

"Section 17 of Act No. 11 of 1924, *supra,* is positive on this point, for it provides that only such matters as are included in the call shall be considered at special sessions, and that the election of a mayor is a matter of great importance for the assembly itself and for the electors in general seems evident. This being so and without prejudging the questions that may be raised by the respondent's answer, it is necessary to hold now that the third count of the information states sufficient facts and, therefore, that as to it the demurrer was properly overruled.

"McQuillin, in his work on Municipal Corporations, vol. VII, p. 6818, Supplement of 1921, says on this point the following:

" 'The requirement that the notice shall designate the object or purpose of the meeting should be substantially observed. Omitting details the notice should state the purpose with certainty and precision. A notice merely stating the object to be to 'consider ordinances' is too indefinite. The intent of the law is that the notice shall be sufficiently definite and certain to give information of the character of the business that will be transacted so that the members of the body, and through them the public generally may have some intelligence of the proposed action, legislative or otherwise, and some opportunity to consider it.'

"*Whitney* v. *New Haven,* 58 Conn. 45, 20 Atl. 666; *Mills* v. *City of San Antonio* (Tex. Civ. 1901), 658 S. W. 1121; *Richardson* v. *City of Omaha,* 104 N. W. 172; *Gale* v. *City of Moscow,* 15 Ida. 332, 97 P. 828; *Contracting Co.* v. *Kleiderer,* 146 Ky. 442, 142 S. W. 720; *Reuter* v. *Contracting, Co.,* 143 Ky. 557, 136 S. W. 1028; *State* v. *Oconto Electric Co.,* 165 Wis. 467, 161 N. W. 789; *St. Louis* v. *Withaus,* 16 Mo. A. 247, 3 S. W. 395."

It could be said that the foregoing decision is based on the express provision of the Municipal Law of 1919 (No. 85, p. 684) as amended in 1924 (Act No. 11, p. 76), which was not retained in the Act of 1928 that was in force at the time of the approval of the ordinance here in question. The new law provided that the special sessions will be called by the mayor. Laws of 1928, p. 348. See 2 McQuillin, Municipal Corporations, second edition, p. 581.

However, the omission may be considered as being that of something superfluous in view of the fact that the act of 1928 provided in its §24 that all the limitations imposed upon the Legislative Assembly and its members by the Organic Act would be applicable, as far as possible, to the municipal assembly and its members. Laws of 1928, p. 352.

And it is well known that §33 of the Organic Act provides that no legislation will be considered in the special sessions of the Legislature which is not specifically stated in the letter of convocation or in any special message of the Governor to the Legislative Assembly while the latter is in session. Again, although no reasons were given to buttress the conclusion, the question was decided by this court, with respect to the necessity of the specification in the letter of convocation, after the Act of 1928 was in force, in the case of *People ex rel Rosario* v. *Ferrer,* 46 P.R.R. 559, as follows:

"A meeting of a municipal assembly not held on days fixed for regular meetings and without call or notice of the purposes of the meeting to the members, is neither a regular nor a special meeting and is not legal, consequently, an appointment made at such a meeting to fill a vacancy in the assembly is void."

Moreover, it does not appear that the mayor approved the ordinance in the manner contemplated by law. §27 of the Municipal Law, Laws of 1938, p. 354.

Such is the conclusion to be derived from the affidavit of Arturo Lacomba, custodian of the municipal archives, which

110

was submitted by the plaintiff. The affirmation made by the Secretary-Auditor of the municipality when he issued on March 24, 1938, the certified copy of the ordinance submitted in evidence by the defendant, is not sufficient to demonstrate the approval, because in transcribing the document, the signature of the mayor, which would have in itself proved the fact of the approval, was omitted.

In its decision the district court holds that the ordinance is illegal because the free grant of the lot was not made for the purpose of building a house to live in, rather it was made for a lucrative business, and it goes on to examine the provisions of the Municipal Law relative to the grant of lots—Laws of 1928, p. 390.

Since the question has not been sufficiently argued by the parties and since its determination is not necessary to decide the case, we shall not dwell upon it. We will limit ourselves to making reference to the decision of this court in the case of *Chapel* v. *Municipal Assembly,* 49 P.R.R. 591.

The appeal must be dismissed and the judgment appealed from affirmed.