EL MUNICIPIO DE HATILLO, demandante y apelado, *v.* FRANCISCO RÍOS FERRER, demandado y apelante.

Núm. 8577.—*Sometido:* Noviembre 5, 1942.   *Resuelto:* Noviembre 30, 1942.

*Luis Mercader,* abogado del apelante; *Pedro Santos Borges* y *Antonio Reyes Delgado,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El 16 de marzo último el municipio de Hatillo solicitó de la Corte de Distrito de Arecibo la expedición de un auto de *injunction* dirigido a Francisco Ríos Ferrer ordenándole que se abstuviere de seguir penetrando en cierto solar del demandante y de seguir construyendo en él o realizando cualquier acto de perturbación o violación de su derecho de propiedad.

El auto fué expedido. Contestó, oponiéndose, el demandado. Enmendó su petición el demandante, solicitando específicamente que se ordenara al demandado que no continuara la construcción de determinado kiosco en el solar y se decretara la remoción de lo construído dictándose cualquiera otra

resolución que la equidad autorizara para la remoción del estorbo de que se trataba. Se opuso el demandado a la admisión de la demanda enmendada y, oídas ambas partes, el juez la admitió, archivando entonces el demandado su contestación a la misma.

Celebrada una vista en la que ambas partes practicaron prueba, la corte el 22 de abril de 1942 decretó el injunction preliminar contra el cual se interpuso el presente recurso de apelación, ordenando al demandado que se abstuviera de continuar construyendo en el solar del demandante la edificación de concreto que se describe en la demanda.

En su alegato la parte apelante señala ocho errores cometidos a su juicio por la corte sentenciadora al no resolver que la acción del demandante había prescrito a tenor del artículo 83 de la Ley Municipal vigente, al admitir la demanda enmendada, al decretar el injunction, al resolver que era necesaria una previa subasta para conceder al demandado hacía veinte años permiso para levantar la edificación que levantó, al resolver que las actuaciones y admisiones del demandante "en el pleito de la Iglesia, 59 D.P.R. 191" no constituían cosa juzgada, al estimar como una mera nulidad el derecho del demandante a la construcción, al conceder el injunction sin el título claro que la ley exige y al apreciar la prueba.

■ Veamos primero si erró o no la corte de distrito al permitir la radicación de la demanda enmendada.

La contención del apelante es que la demanda original lo que planteó fué un caso de injunction posesorio, variándose por la segunda la causa de acción.

Examinando ambas alegaciones, creemos que la corte no erró al admitir la enmendada porque por ella no se varió la causa de acción. Lo que por ambas se intenta es impedir al demandado que continúe la obra de que se trata y la destrucción de lo ya construído, quedando el terreno a la libre disposición de su legítimo dueño, el Municipio.

■ Veamos ahora si existe o no la cosa juzgada. Sostiene el apelante que existe, porque la decisión final de esta Corte Suprema en el caso de la *Iglesia Católica, etc.* v. *Municipio,* 59 D.P.R. 191, resolvió en su favor la cuestión que se está litigando, o sea su derecho a edificar y mantener el kiosco en el solar del Municipio.

No tiene razón el apelante. El caso que invoca fué una acción para resolver reclamaciones opuestas sobre propiedad inmueble y otros extremos, iniciado por la Iglesia contra el Municipio y contra Ríos y en el cual se decidió que la Iglesia no era dueña de la tierra sobre la cual estaba levantando Ríos determinada construcción y por lo tanto no tenía derecho al injunction que solicitaba contra Ríos para que se abstuviera de continuar la misma.

Es cierto que puede darse por sentado que la tierra y la construcción de que se trata en ambos pleitos son las mismas y que lo que en verdad intentó la Iglesia fué remover la construcción, que es lo mismo que hoy intenta el Municipio, pero la cuestión fundamental resuelta no es la misma ni tampoco lo son las partes litigantes en la calidad en que lo fueron, no habiendo por tanto la perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron que la ley y la jurisprudencia exigen. Art. 1204, párr. 3, del Código Civil (ed. 1930). *Iglesia Católica* v. *Municipio de Bayamón,* 27 D.P.R. 865. El caso que se invoca sólo tiene autoridad de cosa juzgada en cuanto a que la tierra sobre la cual se está construyendo el kiosco pertenece al Municipio y no a la Iglesia pero no sobre el derecho de Ríos a continuar la construcción y mantenerla en contra de la voluntad del dueño del terreno.

■■ Tampoco erró la corte al resolver que la acción ejercitada no había prescrito. Argumentando el señalamiento sostiene el apelante la prescripción de acuerdo con el artículo 83 de la Ley Municipal vigente—Leyes de 1928, página 399— ya que no se pidió la nulidad de la ordenanza dentro del tér-

mino de treinta días contado a partir de su adopción. Sin embargo, como veremos en seguida, no era necesario pedir la nulidad de la ordenanza de acuerdo con el precepto invocado, porque el Municipio partió de la base de que dicha ordenanza jamás llegó a tener vida legal, debiendo considerarse como algo que nunca existió.

Resueltas las anteriores cuestiones, entraremos de lleno en el estudio del pleito en sus méritos.

Que el municipio de Hatillo es dueño de una porción de terreno de once pies de frente por veinticinco de fondo que colinda por el norte con la calle Norte de la Plaza, por el sur con la Iglesia Católica, por el este con solar del Municipio y por el oeste con calle también del Municipio, y que alrededor del 14 de marzo de 1942 Ríos contra la voluntad del Municipio, expresada por su actual alcalde, continuaba la construcción de un kiosco de cemento sobre el terreno, son hechos indiscutibles.

La cuestión en contraversia es si Ríos actuaba legal o ilegalmente, esto es, con la válida autorización del dueño o en contra de su voluntad y en violación de su derecho.

Sostiene Ríos que hace más de veinte años el Municipio concedió a sus antecesores el usufructo del terreno y desde entonces ellos y luego él lo vienen poseyendo materialmente y usufructuándolo de buena fe, manteniendo sobre el mismo varias construcciones (kioscos) de madera, zinc y cemento dedicadas a la venta de helados, dulces y refrescos, pagando tributo al Municipio y al Gobierno Insular; que allá por el 1938, queriendo mejorar el ornato hizo preparar planos con aprobación del Departamento de Sanidad para reedificar su kiosco de concreto, siendo expresamente autorizado para ello por el propio Municipio por ordenanza número 21 de 1938; que comenzada la obra la Iglesia Católica inició un pleito contra el Municipio y contra él en el que se libró un injunction paralizando la obra, pero que finalmente se resolvió en contra de la Iglesia por esta Corte Suprema, habiendo el Municipio en

dicho pleito admitido su derecho a la edificación, y que el 14 de mayo de 1942 el alcalde le notificó una queja de la Sanidad Insular sobre limpieza del terreno y procedió seguidamente a limpiarlo y a continuar la edificación suspendida.

Tal la posición del demandado. El demandante admite que concedió hacía años al antecesor del demandado un permiso revocable para la construcción de un kiosco portátil, de madera, pero que tal construcción desapareció para ser sustituída por la permanente, de concreto, que el demandado venía levantando sin derecho alguno, ya que la ordenanza que alega que le dió la autoridad necesaria es inexistente.

En el acto de la vista el Municipio presentó la siguiente evidencia:

A. Certificación del acta número 14 levantada por el Secretario Auditor del municipio de Hatillo el 23 de mayo de 1938, haciendo constar la reunión de varios miembros de la Asamblea Municipal para la celebración de una sesión extraordinaria y los acuerdos tomados en la misma. En el acta se incluye la relación de los asuntos a tratar en la sesión. Entre ellos no figura el del kiosco. Eso no obstante consta que se acordó mediante ordenanza número 21 ''conceder (al demandado) permiso . . . para que construya en un solar de este Municipio una edificación de concreto según planos presentados.''

B. Certificación de la resolución número nueve aprobada por la Asamblea Municipal de Hatillo el 11 de junio de 1921, autorizando a Manuel Circuns para construir un kiosco de madera en el extremo suroeste de la calle que colinda con el atrio de la Iglesia Católica. En su primer ''por cuanto'' se hace referencia a la petición de Circuns para que se le permita construir *un kiosco de concreto* y el segundo dice: ''Por cuanto, según tiene dispuesto esta administración, a los lados del atrio de la citada Iglesia Católica sólo serán permitidos kioscos portátiles que permitan, en cualquier tiempo, dejar expeditos los solares que ocupen a la primera indicación del

ejecutivo municipal, y la concesión que se interesa violaría aquella disposición legal.'' Sigue el ''por tanto'' autorizando la construcción pero de madera, portátil.

C. Declaración jurada de Jenaro E. García, farmacéutico, nacido en y vecino de Hatillo. Dice, en parte, ''que desde tiempo inmemorial he conocido dos paseos a cada lado del atrio de la Iglesia Católica de Hatillo; que desde . . . hace cosa de diez años han existido dos kioscos de madera portátiles, donde se han expendido refrescos y cigarrillos, y últimamente licores; que desde hace tiempo he venido en unión de otros vecinos insistiendo con las autoridades municipales que obtengan dichos kioscos y los remuevan de sus sitios, porque ellos afean el ornato público, y desde que ha empezado a expenderse licores en ellos constituyen un foco de alteraciones a la paz e invitan al desorden; que recientemente se ha empezado a construir por Francisco Ríos un kiosco de concreto armado de carácter permanente, y el deponente junto con otros vecinos han solicitado con el alcalde municipal que evite dicha construcción . . . .''

D. Declaración jurada de Arturo Lacomba, Secretario de la Corte Municipal de Hatillo. Dijo, ''tengo bajo mi custodia los archivos de dicho Municipio; que he hecho una búsqueda de dichos archivos y especialmente de los expedientes, legajos y actas correspondientes a las sesiones de la Asamblea Municipal de Hatillo por los años 1937, 1938 y 1939, según los mismos me fueron entregados al tomar posesión de mi cargo, y en ninguno de ellos aparece petición, planos, documentos o papeles algunos en relación con la concesión de un solar del Municipio al señor Francisco Ríos Ferrer, o permiso para la construcción de un kiosco de concreto en la calle Norte de la Plaza, esquina suroeste de la Iglesia Católica, excepto lo que aparece relacionado en el acta número catorce de la sesión extraordinaria de la Asamblea Municipal de Hatillo, Puerto Rico, celebrada el 23 de mayo de 1938, y tampoco aparece papel, documento, petición, plano u ordenanza relativa a la cons-

trucción de dicho kiosco en los archivos a mi cargo ni en la oficina del alcalde, que haya sido presentada al alcalde para su firma y/o que haya sido firmada por dicho funcionario."

E. Certificación de la ordenanza aprobada por la Asamblea Municipal de Hatillo el 6 de octubre de 1921, cuya sección dos lee así: "El Comisionado de Servicio Público queda autorizado por la presente para conceder permisos especiales a aquellas personas que deseen colocar kioscos portátiles alrededor del atrio de la Iglesia Católica, siempre que tales kioscos tengan una bonita fachada, estén debidamente pintados y llenen todos aquellos requisitos necesarios para el realce del ornato público. Tales permisos serán revocados, a juicio de esta Asamblea Municipal, tan pronto esta corporación lo crea conveniente, bien porque no se llenen los requisitos aquí señalados o por cualquiera otra causa."

F. Declaración jurada de José Assad Amador, Alcalde de Hatillo. Manifestó "que durante los días de la campaña electoral del año 1940 él tuvo conocimiento de que se ventilaba un pleito entre la Iglesia Católica y el señor Ríos Ferrer, ahora demandado, porque éste quería construir y empezó a construir un kiosco de concreto armado en los paseos de la calle a cuya izquierda está construída la Iglesia Católica del pueblo, y él, Assad Amador, se expresó en contra de dicha construcción, así como en contra del amplazamiento del kiosco portátil de madera . . . que se encuentra al otro lado del edificio de la Iglesia, y que es propiedad de su madre política; que luego de ser electo, conociendo de la pendencia de dicho pleito, no tomó acción hasta que se supo del resultado del mismo, en que empezó a gestionar la remoción de dichos kioscos, y cuando ya había obtenido el asentimiento de su señora suegra para remover el suyo, entonces Ríos Ferrer continuó la construcción del suyo; que me dirigí por carta a dicho Ríos Ferrer avisándole que no debía continuar dicha construcción, y éste ha continuado, por conducto de su rematista, hasta que le fué prohibido por esta honorable corte;

que donde el deponente han concurrido numerosos vecinos de Hatillo a pedirle que evite tal construcción; que dicha construcción destruye el ornato de Hatillo, y constituye un estorbo público; que el terreno sobre que se está construyendo es propiedad del Municipio, que está dedicado a paseo de la calle desde el tiempo inmemorial; que el municipio de Hatillo nunca le ha cedido a Ríos Ferrer dicho terreno, y no puede concedérselo a menos que sea para la construcción de casas para vivienda; que Ríos Ferrer no ha pagado precio o canon alguno por el uso de dicho solar; que una supuesta ordenanza en que se funda Ríos Ferrer nunca ha existido, pues la Asamblea Municipal de Hatillo jamás ha sido convocada para considerar dicha medida, y no aparece que se haya tomado acción legal alguna en ese sentido; que en caso de Ríos Ferrer demostrar que tiene derecho a construir allí, sitio donde está prohibido hacerlo, entonces el municipio de Hatillo le compensará el valor razonable de lo que él tenía construído al ordenarle el deponente que no continuara.''

La evidencia aportada por el demandado consistió en:

1. Copia de la demanda de la Iglesia Católica que inició la ''acción para resolver sobre reclamaciones opuestas sobre propiedad inmueble y otros extremos,'' en la cual esta Corte Suprema dictó su decisión reportada en 59 D.P.R. 191.

2. Copia de la solicitud de injunction pendente lite presentada en el pleito iniciado por el anterior documento.

3. Copia de la oposición de los demandados el municipio de Hatillo y Francisco Ríos a la solicitud de injunction pendente lite.

4. Copia de la contestación de los demandados a la demanda en el indicado pleito.

5. Certificación expedida el 24 de mayo de 1938 por José Antonio Alcaide, Secretario Auditor del municipio de Hatillo, de la ordenanza número 21, haciéndose constar que fué adoptada en sesión extraordinaria de la Asamblea Municipal de Hatillo el 23 de mayo de 1938 y aprobada por el alcalde al día

siguiente. Al transcribirse la ordenanza aparece, en vez de las firmas, una línea de puntos.

6 y 8. Recibos firmados por el Colector de Rentas Internas del pago de $2.20, $5.14 y $4.09 por Francisco Ríos por contribuciones y recargos sobre la propiedad de una casa situada en solar del municipio de Hatillo, años 1937–38, 1940–41 y 1941–42, respectivamente.

7. Copias de una resolución de esta Corte Suprema y de su sentencia en el pleito sobre reclamaciones opuestas, y

9. Carta del 13 de marzo de 1942 del Ingeniero Sanitario Auxiliar José E. Culpeper, Departamento de Sanidad Insular, al demandado, que dice: ''En contestación a su carta del 11 de marzo de 1942 y correspondiendo a su solicitud še le renueva el permiso expedídole con el número 3457 el 16 de junio de 1938 para construir un kiosco de hormigón armado en la calle Miramar de la municipalidad de Hatillo, Puerto Rico.''

Siguen dos declaraciones juradas, una de Pablo J. Aguilar y otra de Juan Amador Martínez, de tres páginas a máquina cada una, narrando la historia de lo ocurrido con la construcción de kioscos en el municipio de Hatillo en general y en particular con la del demandado.

A nuestro juicio no erró la corte sentenciadora al apreciar esa prueba ni al dictar la orden de injunction preliminar apelada.

Ningún derecho a levantar una estructura permanente adquirió el demandado a virtud de la concesión del Municipio a su antecesor que era de naturaleza puramente transitoria. Esta conclusión se impone sin necesidad de razonamiento alguno. Surge clara, terminante de las alegaciones y la prueba.

Todo el derecho a una construcción permanente que pudiera tener el demandado descansaría en la ordenanza número 21 del 23 de mayo de 1938 y tal ordenanza como sostiene el demandante jamás llegó a existir porque no fué adoptada legalmente por la Asamblea Municipal ni aprobada por el alcalde.

Al referirnos a la evidencia aportada por el demandante dijimos que en el acta de la sesión extraordinaria en que figura como adoptada la ordenanza número 21, se incluye la relación de los asuntos a tratar en la misma según la convocatoria y que entre esos asuntos no figura el de la ordenanza, y siendo ello así, es claro que la asamblea carecía de facultad para adoptarla, no teniendo por tanto validez legal el acto que realizara.

En el caso del *Pueblo* v. *Oliveras*, 33 D.P.R. 743, 754, esta Corte se expresó como sigue:

"Réstanos considerar la última causa de acción fundada en que el nombramiento del querellado fué hecho en una sesión extraordinaria de la Asamblea Municipal de Ponce sin que se expresara en su convocatoria que el nombramiento de alcalde de la ciudad de Ponce sería asunto para ser tratado en dicha reunión.

"El artículo 17 de la Ley Núm. 11 de 1924 a que venimos refiriéndonos es terminante en este particular pues dispone que en las sesiones extraordinarias de las asambleas municipales sólo se tratarán los asuntos incluídos en la convocatoria, y que el nombramiento de alcalde es un asunto y de gran importancia, para la propia asamblea y para el electorado en general, parece evidente. Siendo esto así y sin prejuzgar las cuestiones que puedan suscitarse por la contestación del querellado, es necesario resolver ahora que la querella aduce hechos suficientes en su tercera causa de acción y por tanto que, en cuanto a dicha tercera causa de acción la excepción del querellado fué debidamente desestimada.

"El comentarista McQuillin en su obra sobre corporaciones municipales, vol. VII, pág. 6818, suplemento de 1921, dice sobre este particular lo siguiente: 'El requisito de que la convocatoria debe expresar el objeto o propósito de la reunión debe ser observado sustancialmente. Omitiendo detalles, la convocatoria debe manifestar su objeto con certeza y precisión. Una convocatoria que meramente expresa que el objeto de la reunión es "considerar ordenanzas" es demasiado indeterminado. El propósito de la ley es que la convocatoria sea suficientemente específica y cierta para dar conocimiento del carácter de los asuntos que serán resueltos para que sus miembros, y por ellos el público, puedan generalmente tener algún conocimiento de lo que se intenta hacer, ya sea legislativo o de otra clase, y alguna oportunidad para pensar en ello.' *Whitney* v. *New Haven*, 58 Conn.

45, 20 Atl. 666; *Mills* v. *City of San Antonio* (Tex. Civ. 1901), 658 S. W. 1121; *Richardson* v. *City of Omaha*, (74 Neb. 297) 104 N. W. 172; *Gale* v. *City of Moscow*, 15 Ida. 332, 97 P. 828; *Contracting Co.* v. *Kleiderer*, 146 Ky. 442, 142 S. W. 720; *Reunter* v. *Contracting Co.*, 143 Ky. 557, 136 S. W. 1028; *State* v. *Oconto Electric Co.*, 165 *Wis.* 467, 161 N. W. 789; *St. Louis* v. *Withaus*, 16 Mo. A. 247, 3 S. W. 395.''

Podría argüirse que la decisión que antecede se basa en la disposición expresa de la Ley Municipal de 1919 (Núm. 85, pág. 685) como enmendada en 1924 (Ley Núm. 11, pág. 77), que no se conservó en la de 1928 vigente al tiempo de la adopción de la ordenanza de que se trata, limitándose la nueva ley a prescribir que las sesiones extraordinarias serán convocadas por el alcalde. Leyes de 1928, pág. 349. Véase 2 McQuillin, *Municipal Corporations*, segunda edición, página 581.

Sin embargo la omisión puede considerarse como la de algo superfluo ya que la ley de 1928 dispuso por su sección 24 que todas las limitaciones impuestas por la Ley Orgánica a la Asamblea Legislativa y a sus miembros, serían aplicables hasta donde fuera posible a la asamblea municipal y a los miembros de la misma. Leyes de 1928, pág. 353.

Y sabido es que la Ley Orgánica en su artículo 33 dispone que no se tomará en consideración en las sesiones extraordinarias de la Legislatura ninguna legislación que no esté especificada en la convocatoria o en cualquier mensaje especial del Gobernador a la Asamblea Legislativa mientras estuviera en sesión.

Además, aunque sin expresarse las razones en que la conclusión se funda, la cuestión quedó resuelta por esta corte en el sentido de la necesidad de la especificación en la convocatoria de los asuntos a tratar, después de estar en vigor la ley de 1928, en el caso de *Pueblo ex rel, Rosario* v. *Ferrer*, 46 D.P.R. 578, en los siguientes términos:

''Una sesión de una asamblea municipal celebrada fuera de los días señalados para las sesiones ordinarias sin la debida convocatoria

ÿ sin notificar su objeto a los miembros, no es ordinaria ni extraordi-naria, ni es una sesión legal, por lo que el nombramiento hecho en ella para cubrir una vacante en la asamblea es nulo."

██ A mayor abundamiento tampoco consta que el alcalde aprobara la ordenanza como exige la ley.. Art. 27 de la Ley Municipal, Leyes de 1938, pág. 355.

Así se desprende de la declaración jurada de Arturo La-comba, archivero del Municipio, presentada por el deman-dante, sin que sea suficiente para demostrar la aprobación la afirmación hecha por el Secretario Auditor del Municipio al expedir el 24 de mayo de 1938 la certificación de la ordenanza presentada en evidencia por el demandado, ya que al trans-cribirse el documento en ella se omite la firma del alcalde que hablando por sí misma hubiera indicado la aprobación.

██ En su resolución la corte de distrito sostiene que la ordenanza es ilegal porque la concesión gratis que del solar se hizo no lo fué para casa de vivienda sino para un negocio lucrativo, a cuyo efecto estudia las disposiciones de la Ley Municipal relativas a la concesión de solares—Leyes de 1928, pág. 391.

Como la cuestión no ha sido lo suficientemente debatida por las partes ni su resolución es necesaria para decidir el recurso, no entraremos en el estudio detenido de la misma. Nos limitaremos a hacer referencia a la decisión de esta Corte en el caso de *Chapel* v. *Asamblea Municipal*, 49 D.P.R. 607.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*